William C. Rooklidge (State Bar No. 134483)
wrooklidge@jonesday.com
Michelle Stover (State Bar No. 272817)
mstover@jonesday.com
Douglas L. Clark (State Bar No. 279408)
dlclark@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612.4408
Telephone:  (949) 851-3939
Facsimile:   (949) 553-7539

Attorneys for Plaintiff
WONDERLAND NURSERYGOODS CO., LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONDERLAND NURSERYGOODS CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> BABY TREND, INC., DENNY TSAI, and BETTY TSAI, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Wonderland Nurserygoods Co., Ltd. ("Wonderland"), for its complaint against Defendants Baby Trend Inc. ("Baby Trend"), Denny Tsai and Betty Tsai, alleges the following:

## THE PARTIES

1. Wonderland is a corporation organized and existing under the laws of Taiwan and has its principal place of business at Rui Kuang Road, No. 433,

10th Floor, Neihu, Taipei, Taiwan.

2. Wonderland was established in 1983 to focus on the global demand for baby products, strollers, cribs, play yards, car safety seats and high chairs. Wonderland is an innovator in the baby product field and designs, engineers, and produces high quality baby products.

3. Wonderland and related entities own more than 130 U.S. patents and over 800 patents outside of the U.S., including U.S. Patent No. RE43,919 asserted in paragraphs 13-28 below.

4. Upon information and belief, Baby Trend is a business entity organized and existing under the laws of California and is headquartered at 1607 S. Campus Avenue, Ontario, California 91761.

5. Upon information and belief, Denny Tsai and Betty Tsai are officers of Baby Trend and residents in this district.

6. Baby Trend, Denny Tsai and Betty Tsai (collectively "the Defendants") are serial infringers of Wonderland's patents.

7. This Court entered judgment on May 21, 2014, against the Defendants on Wonderland's claims that the Defendants infringed Wonderland's U.S. Pat. Nos. 7,625,043 and 7,600,775 and were enjoined from further selling products that infringe those patents.

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the U.S. Code.

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

10. This Court has personal jurisdiction over Baby Trend.

11. This Court has personal jurisdiction over Denny Tsai and Betty Tsai.

12. Venue is proper in this judicial district under 28 U.S.C. §§ 1391

1 and 1400(b).

**COUNT ONE: INFRINGEMENT OF U.S. PATENT NO. RE43,919**

13.  The allegations of paragraphs 1-12 are incorporated for this Count One as though fully set forth herein.

14.  U.S. Patent No. RE43,919 ("the '919 Patent"), entitled "Baby Crib," was duly and legally issued by the United States Patent and Trademark Office on January 15, 2013, to inventor Shun-Min Chen and has been duly and legally assigned to Wonderland. A copy of the '919 Patent is attached as Exhibit 1.

15.  On March 20, 2012, Wonderland was awarded judgment against Qing Yang, Baby Trend's supplier in China. Qing Yang's manufacture of Baby Trend play yards, including the Deluxe Nursery Center line, was found to infringe China Pat. No. CN2680127Y from Application No. 2004200018045 to which the '919 Patent claims priority.

16.  On information and belief, Wonderland, Denny Tsai, and Betty Tsai have been aware of the finding of infringement against Qing Yang.

17.  On April 24, 2014, Baby Trend and Wonderland met in Los Angeles, California, during which time Wonderland's counsel and Denny Tsai were presented the '919 Patent and informed that at least the Baby Trend Deluxe Close & Cozy Nursery Center Playard ("Deluxe Playard") infringed the '919 Patent.

18.  Baby Trend sells the Deluxe Playard as part of its Deluxe Nursery Center line nationwide at stores including at least Walmart and Amazon.com.

19.  Wonderland sells products that are protected by its '919 Patent, including the following branded by Graco: the Nuzzle Nest; Pack 'n Play® with Cuddle Cove Elite Rocking Seat; Day2Night Sleep System; Pack 'n Play® Playard Smart Stations; Pack 'n Play® Playard; Silhouette™ Pack 'n Play® Playard; Pack 'n Play® Playard with Twins Bassinet; Suite Solutions Portable Playard; Travel Lite™ Crib; and Bedroom Bassinet. In addition, the Aprica

Haven, Nuna Sena Travel Cot, and Nuna Sena Mini Travel Cot are also sold by Wonderland and covered by the '919 patent.

20. Baby Trend has infringed and continues to infringe, has induced and continues to induce others to infringe, and has committed and continues to commit acts of contributory infringement of one or more claims of the '919 Patent in this judicial district and elsewhere by making, using, selling, offering for sale, and importing into the United States play yards, including at least the Deluxe Playard, that are covered by one or more claims of the '919 Patent, all in violation of 35 U.S.C. § 271 and to the injury of Wonderland.

21. As a result of Baby Trend's infringement of the '919 Patent, Wonderland has suffered damages in an amount to be determined and will continue to suffer damages in the future.

22. Upon information and belief, Baby Trend's infringement of the '919 Patent will continue in the future, and Wonderland will continue to suffer damages as a consequence, unless Baby Trend's infringing acts are enjoined by this Court.

## COUNT TWO: INDUCEMENT OF INFRINGEMENT OF U.S. PATENT NO. RE43,919

23. The allegations of paragraphs 1-22 are incorporated for this Count Two as though fully set forth herein.

24. Defendants Denny Tsai and Betty Tsai have had knowledge of the '919 Patent since at least on or about the meeting in Los Angeles, California on April 24, 2014.

25. Defendants Denny Tsai and Betty Tsai have authority and control over the operations of Baby Trend.

26. On information and belief, Baby Trend continues to sell, offer to sell, and import the Deluxe Playard.

27. On information and belief, Defendants Denny Tsai and Betty Tsai

know that the Deluxe Playard infringes the '919 Patent, actively encourage and control Baby Trend's continued sale of the Deluxe Playard, and know and intend that their actions cause Baby Trend's infringement of the '919 Patent, all in violation of 35 U.S.C. § 271 causing injury to Wonderland.

28. Upon information and belief, Denny Tsai's and Betty Tsai's inducement of infringement of the '919 Patent will continue in the future, and Wonderland will continue to suffer damages as a consequence, Denny Tsai's and Betty Tsai's infringing acts are enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Wonderland prays for relief as follows:

A. Judgment that Baby Trend has infringed, induced others to infringe, and committed acts of contributory infringement with respect to one or more claims of the '919 Patent in violation of 35 U.S.C. § 271;

B. Judgment that Baby Trend's infringement of the '919 Patent is willful and deliberate;

C. Judgment that Denny Tsai and Betty Tsai induce Baby Trend's infringement of the '919 Patent.

D. Judgment that Denny Tsai's and Betty Tsai's infringement of the '919 Patent is willful and deliberate.

E. An order permanently enjoining Baby Trend, Denny Tsai, Betty Tsai, Baby Trend's subsidiaries, officers, agents, servants, employees, licensees, and all other persons acting or attempting to act in active concert or participation with Baby Trend or acting on Baby Trend's behalf, from further infringement, inducement of infringement, or contributory infringement of the '919 Patent, pursuant to 35 U.S.C. § 283;

F. An order directing Baby Trend, Denny Tsai, and Betty Tsai to account for and pay to Wonderland all damages caused by Baby Trend's infringement, including increased damages, under 35 U.S.C. § 284;

G. An order directing Baby Trend, Denny Tsai, and Betty Tsai to pay Wonderland's costs, expenses, and reasonable attorney fees pursuant to 35 U.S.C. §§ 284 and 285;

H. An award to Wonderland of pre-judgment and post-judgment interest on the damages caused by Baby Trend's, Denny Tsai's, and Betty Tsai's infringement; and

I. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Wonderland requests a trial by jury.

Dated: June 6, 2014               JONES DAY

By: /s/ Douglas L. Clark
Douglas L. Clark

Attorneys for Plaintiff Wonderland Nurserygoods Co., Ltd.

IRI-62525v3