William C. Rooklidge (State Bar No. 134483)
wrooklidge@jonesday.com
Douglas S. Weinstein (Admitted *Pro Hac Vice*)
dweinstein@jonesday.com
Douglas H. Pearson (Admitted *Pro Hac Vice*)
dhpearson@jonesday.com
Douglas L. Clark (State Bar No. 279408)
dlclark@jonesday.com
Samuel T. Lam (State Bar No. 285135)
slam@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612.4408
Telephone:  (949) 851-3939
Facsimile:   (949) 553-7539

Attorneys for Plaintiff
WONDERLAND NURSERYGOODS CO.,
LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| WONDERLAND NURSERYGOODS CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> BABY TREND, INC., DENNY TSAI, and BETTY TSAI, <br><br> Defendants. | Case No. 5:14-cv-01153-VAP(SPx) <br><br> **PROTECTIVE ORDER** |

Plaintiff Wonderland Nurserygoods Co., Ltd. ("Plaintiff") and Defendants

Baby Trend, Inc., Denny Tsai, and Betty Tsai ("Defendants") anticipate that

documents, testimony, or information containing or reflecting confidential,

proprietary, trade secret, and/or commercially sensitive information are likely to be

disclosed or produced during the course of discovery, initial disclosures, and

supplemental disclosures in this case and request that the Court enter this Order

setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

## 1. PURPOSES AND LIMITATIONS

1.1. Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

1.2. The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

## 2. DEFINITIONS

2.1. "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

2.2. "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

2.3. "Patent-in-suit" means U.S. Reissue Patent No. 43,919 and any other

PROTECTIVE ORDER
Case No. 5:14-cv-01153-VAP(SPx)

patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

2.4.    "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

2.5.    "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

2.6.    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as provided for in this Order.  Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

2.7.    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

**3.    COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rule 6 of the Federal Rules of Civil Procedure.

**4.    SCOPE**

4.1.    The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

4.2.    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected

Material to an individual who prepared the Protected Material.

4.3.    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

4.4.    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**5.    DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

**6.    ACCESS TO AND USE OF PROTECTED MATERIAL**

**6.1.    Basic Principles**

All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

**6.2.    Patent Prosecution Bar**

Absent the written consent of the Producing Party, any person who receives one or more items designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be involved, directly or indirectly, in any of the following activities: advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting, in any way, the scope of claims in patent

PROTECTIVE ORDER
Case No. 5:14-cv-01153-VAP(SPx)

applications relating to the functionality, operation, and design of baby cribs (generally or as described in the Patent-in-suit), before any foreign or domestic agency, including the United States Patent and Trademark Office. However, to avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, inter partes reexamination, inter partes review, or other forms of post-grant review). These prohibitions shall begin when access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials are first produced by a Producing Party, and shall end two (2) years after the final resolution of this action, including all appeals.

### 6.3. Secure Storage

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### 6.4. Legal Advice Based on Protected Material

Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

### 6.5. Limitations

Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) that is previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality

and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

**7.    DESIGNATING PROTECTED MATERIAL**

**7.1.    Available Designations**

Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

**7.2.    Written Discovery and Documents and Tangible Things**

Written discovery, documents (which include "electronically stored information," as that phrase is used in Rule 34 of the Federal Rules of Civil Procedure), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7.1 may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

**7.3.    Native Files**

Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When

electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 12, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

### 7.4. Depositions and Testimony

Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within thirty (30) days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape

contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

**8.      DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

8.1.    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

8.2.    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

i.      The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

ii.     Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A ("Agreement to Be Bound by Protective Order," attached hereto) and the Receiving Party serve the signed copy of Exhibit A to the Producing Party before disclosure;

iii.    Any outside expert or consultant retained by the Receiving Party

to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

        iv.      Court reporters, stenographers and videographers retained to record testimony taken in this action;

        v.      The Court, jury, and court personnel;

        vi.      Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

        vii.      Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

        viii.      Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

        ix.      Any other person with the prior written consent of the Producing Party.

## 9.    DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

    9.1.   A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the

Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

9.2.   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

i.      The Receiving Party's Outside Counsel, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

ii.      Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

iii.      Court reporters, stenographers and videographers retained to

PROTECTIVE ORDER
Case No. 5:14-cv-01153-VAP(SPx)

record testimony taken in this action;

        iv.     The Court, jury, and court personnel;

        v.     Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

        vi.     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

        vii.     Any other person with the prior written consent of the Producing Party.

    9.3.   Officers or employees of the Receiving Party, who may be, but need not be, in-house counsel or general managers for the Receiving Party, as well as their immediate paralegals and staff, may not receive any document designated by the Producing Party as "CONFIDENTIAL – ATTORNEYS' EYES ONLY". However, one (1) officer or employee of the Receiving Party, including but not limited to in-house counsel or general managers, may receive a verbal summary from Outside Counsel of the following categories of information if designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY":  (1) monthly and annual sales volume; (2) monthly and annual number of units sold; (3) sales price; and (4) profits per sale.

**10.   NOTICE OF DISCLOSURE**

    10.1.  Prior to disclosing any Protected Material to any person described in Paragraphs 8.2(iii) or 9.2(ii) (hereinafter the "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through

entities owned or controlled by the Person; (iv) an up-to-date curriculum vitae of the Person; and (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.  Said written notice shall include an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of baby cribs, or relating to the acquisition of intellectual property assets relating to baby cribs.  The Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.  During the pendency of and for a period of two (2) years after the final resolution of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of baby cribs, or the acquisition of intellectual property assets relating to baby cribs.

10.2.  Within five (5) business days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause. In the absence of an objection at the end of the five (5) business-day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this five (5) business-day period.  If the Producing Party objects to disclosure to the Person within such five (5) business-day period, the Parties shall meet and confer via telephone or in person within five (5) business days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court.  If relief is not

sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

10.3.   For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

10.4.   Prior to receiving any Protected Material under this Order, the Person must execute a copy of Exhibit A and serve it on all Parties.

10.5.   Only upon a material omission of information required by Paragraph 10.1 that would result in serious prejudice or business injury to a Party who did not initially object to access by that Person may the non-objecting Party later object to continued access by that Person.  Any such later objection must be made in writing within three (3) business days of learning of the material omission of information. If such an objection is made, the Parties shall meet and confer via telephone or in person within three (3) business days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have three (3) business days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within three (3) business days after the meet and confer, further Protected Material may thereafter be provided to the Person. If a later objection is made within a month of any deadline involving the Person to whom Protected Material is not able to be shown as a result of the objection, the

parties agree to work together in good faith to extend such deadline to permit time for the Court to rule on the objection and/or the Person (e.g., expert) to be replaced.

## 11.   CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

11.1.  A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

11.2.  Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

11.2.1.     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

11.2.2.     Failing agreement, the objecting Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

11.2.3.     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs:  (a) the Party who designated the

Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## 12.    SUBPOENAS OR COURT ORDERS

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

## 13.    FILING PROTECTED MATERIAL

13.1.  Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

13.2.  No provision in this Order is intended to provide for the prospective filing of Protected Material under seal with the Court.  Any Party intending to file under seal with the Court any Protected Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall comply with the requirements of Local Civil Rule 79-5.

## 14.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

14.1.  The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

14.2.  Upon a request from any Producing Party who has inadvertently

produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

14.3.   Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

**15.     INADVERTENT FAILURE TO DESIGNATE PROPERLY**

15.1.   The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within five (5) business days of the Producing Party learning of the inadvertent failure to designate.  The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within five (5) business days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

15.2.   A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under

this Order.  Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 15.3 below) at the appropriately designated level pursuant to the terms of this Order.

15.3.  Notwithstanding the above, a subsequent designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall apply on a going-forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials while the materials were not marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" from engaging in the activities set forth in Paragraph 6.2.

**16.   INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

16.1.  In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

16.2.  Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

**17.   FINAL DISPOSITION**

17.1.  Not later than ninety (90) days after the Final Disposition of this case,

each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

17.2.   All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes.

## 18.   MISCELLANEOUS

### 18.1.  Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

### 18.2.  Termination of Matter and Retention of Jurisdiction

The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

### 18.3.  Successors

This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have

direct control.

### 18.4.  Right to Assert Other Objections

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non discoverable, or is not admissible in evidence in this action or any other proceeding.

### 18.5.  Burdens of Proof

Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

### 18.6.  Modification by Court

This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Central District of California.

### 18.7.  Discovery Rules Remain Unchanged

Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, or the Court's own orders.

PROTECTIVE ORDER
Case No. 5:14-cv-01153-VAP(SPx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, or the Court's own orders.

IT IS SO ORDERED.


Dated:   October 29, 2014


/s/
_____
Hon. Sheri Pym
United States Magistrate Judge

PROTECTIVE ORDER
Case No. 5:14-cv-01153-VAP(SPx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in WONDERLAND NURSERYGOODS CO., LTD. v. BABY TREND, INC., DENNY TSAI, and BETTY TSAI, United States District Court for the Central District of California, Case No. 5:14-cv-01153-VAP(SPx).  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

PROTECTIVE ORDER
Case No. 5:14-cv-01153-VAP(SPx)

1

## PROOF OF SERVICE

I, Sandra J. Wilson, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408. On October 24, 2014, I served a copy of the within documents by transmitting via e-mail or electronic transmission the documents listed below to the persons at the e-mail addresses set forth below:

### [PROPOSED] PROTECTIVE ORDER

H. G. Robert Fong, Esq.
KU & FONG
444 South Flower Street, Suite 1500
Los Angeles, CA 90071
Tel:  213/488-1400
Fax:  213/236-9325
bobfong@ix.netcom.com

R. Trevor Carter, Esq.
Andrew M. McCoy, Esq.
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46024-1750
Tel:  317/237-0300
Fax:  317/237-1100
trevor.carter@faegrebd.com
andrew.mccoy@faegrebd.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 24, 2014, at Irvine, California.

 */s/ Sandra J. Wilson*
Sandra J. Wilson
An employee of Jones Day