O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONDERLAND NURSERYGOODS CO., LTD.,<br><br>        Plaintiff,<br><br>    v.<br><br>BABY TREND, INC., DENNY TSAI, AND BETTY TSAI,<br><br>        Defendants. | Case No. EDCV 14-01153-VAP (SPx)<br><br>**ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW**<br><br>**[Motion filed on 3/9/15]** |

Before the Court is Defendants' motion to stay this action pending inter partes review by the U.S. Patent and Trademark Office of the patent claims asserted by Plaintiff in this action. (Doc. 49.) This matter came before the court for hearing on April 13, 2015. For the reasons set forth below, the Court GRANTS the motion.

### I. BACKGROUND

Plaintiff Wonderland Nursery Goods filed this suit for patent infringement against Defendants Baby Trend, Denny Tsai, and Betty Tsai on June 6, 2014, alleging infringement of U.S. Reissue Patent No. RE43,919. (Doc.

1.) Plaintiff asserts that Defendants infringe claims 1-5 and claims 8-29 of the '919 Patent. (Doc. 48-2 at 2.) Among their defenses, Defendants allege that the asserted claims of the '919 Patent are invalid under 8 U.S.C. §§ 102 and 103. (Doc. 24 at ¶ 32.)

On March 4, 2015, Defendants filed petitions with the U.S. Patent and Trademark Office ("USPTO") for <u>inter partes</u> review ("IPR") of the validity of the asserted claims, seeking cancellation of all 27 claims asserted in this action. (Docs. 49-9, 49-10.) Defendants subsequently filed the present motion to stay this action on March 9, 2015. (Doc. 49.) Plaintiff opposes staying the litigation. (Doc. 54.)

## II. LEGAL STANDARD

### A. <u>Inter Partes</u> Review

The Leahy–Smith America Invents Act ("AIA"), Pub.L. No. 112–29, § 6(a), 125 Stat. 284, 299–304 (2011), codified at 35 U.S.C. §§ 311–319 (2013), intended to improve the former <u>inter partes</u> reexamination proceeding by replacing it with a new <u>inter partes</u> review proceeding. Pursuing the AIA's goal "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs," H.R. Rep. No. 112–98, 40 (2011), the PTO sought "to create a timely, cost-effective alternative to litigation" in crafting the <u>inter partes</u> review regulations. <u>Changes to Implement</u>

*Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48,680 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100 et seq.).

The *inter partes* review procedure is designed (1) to reduce to 12 months the time the PTO spends reviewing validity, from the previous reexamination average of 36 months (*id*. at 48,725); (2) to minimize duplicative efforts by increasing coordination between district court litigation and *inter partes* review (*id.* at 48,721); and (3) to allow limited discovery in the review proceedings (*id*. at 48,719). *Inter partes* review allows a party other than the patentee to bring an adversarial proceeding in the PTO to establish that the patent claims are invalid under 35 U.S.C. § 102 or 103. 35 U.S.C. § 311.

After a party has filed a petition requesting *inter partes* review, the patent owner has three months to file a preliminary response opposing the request. 35 U.S.C. § 313; 37 C.F.R. § 42.107(b). Within three months of the time set for the patent owner's response, the PTO will grant the *inter partes* review request if "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). This standard for granting review is more stringent than the previous "substantial new question of patentability" standard.

Universal Electronics, Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030 (C.D. Cal. 2013).

If the PTO grants review, a final determination must be issued "not later than 1 year" after the petition is granted. 35 U.S.C. § 316(a)(11). The one-year period may be extended for good cause by not more than six months, id., but "[e]xtensions of the one-year period are anticipated to be rare." 77 Fed. Reg. at 48,695. The patent owner has an opportunity to add or amend claims during inter partes review. 35 U.S.C. § 318(b). After review concludes, the requester is estopped from asserting that a claim is invalid "on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2).

The statute also seeks to limit the abuse of inter partes review as a tool for tactical litigation delay by requiring that a defendant petition for review within one year after being served with the complaint. 35 U.S.C. § 315(b). This one-year limit sets a ceiling on the PTO's ability to commence inter partes review where there is ongoing litigation.

Here, the deadline for the PTO's decision on whether to grant Defendants' IPR petitions is September 4, 2015. Defendants seek a stay of the case starting now and, assuming the PTO grants the IPR petitions, extending through the conclusion of the IPR proceedings.

**B. Motion to Stay Pending Inter Partes Review**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (internal citations omitted). While the case law enumerates several general considerations that are helpful in determining whether to order a stay, ultimately "the totality of the circumstances governs." Universal Electronics, Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013).

In determining whether to stay a case pending inter partes review, courts generally consider the following factors:

1. whether discovery is complete and whether a trial date has been set;
2. whether a stay will simplify the issues in question and trial of the case; and
3. whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.

Universal Electronics, 943 F. Supp. 2d at 1030-31.

Though a stay is never required, it may be "particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were cancelled in the reexamination, would eliminate the need

to try the infringement issue." In re Cygnus Telecomms. Tech., LLC, Patent Litig., 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983)). Indeed, "an auxiliary function [of the IPR] is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration." In re Etter, 756 F.2d 852, 857 (Fed. Cir. 1985).

Thus, while "[t]here is no per se rule that patent cases should be stayed pending reexaminations," Tokuyama Corp. v. Vision Dynamics, LLC, No. 08-cv-02781-SBA, 2008 WL 4452118, at *2 (N.D. Cal. Oct. 3, 2008), there is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination." Universal Electronics, 943 F. Supp. 2d at 1031.

### III. DISCUSSION

To determine if a stay is appropriate, the Court assesses the three Universal Electronics factors in turn below.

**A. Whether discovery is complete and whether a trial date has been set**

Regarding the first factor, fact discovery is not yet complete, expert discovery has not yet begun, and a trial date has not yet been set. Furthermore, although the parties have submitted claim construction briefs, the Markman hearing has not yet taken place and no disputed claim terms have been construed by this Court. This

makes the present case unlike <u>Universal Electronics</u>, in which the court had already expended significant resources in conducting a <u>Markman</u> hearing and in construing disputed claim terms. "The Court's expenditure of resources is an important factor in evaluating the stage of the proceedings." <u>Universal Electronics</u>, 943 F. Supp. 2d at 1032.

It is true that Defendants could have saved both parties substantial expense by filing petitions for IPR earlier. As Defendants point out, however, they did not know which claims were being asserted against them until Plaintiff served its preliminary infringement contentions on November 21, 2014. (Reply at 3.) Thus, Defendants' delay in filing petitions for IPR is not as great as Plaintiff suggests.

In sum, while the case has been pending for 10 months, the litigation is at a relatively early stage, which weighs in favor of granting a stay.

**B. Whether a stay will simplify the issues in question and trial of the case**

Regarding the second factor, the Court concludes that a stay has the potential to simplify the issues in this case. First, because Defendants have petitioned for review of all claims asserted in this action, the outcome of the IPR has the potential to be case-dispositive. Second, if an IPR is instituted and the claims are not cancelled, estoppel will prevent Defendants from raising

7

in this Court invalidity grounds that were or could reasonably have been raised during the IPR. In either case, significant judicial resources will be saved.

Plaintiff argues that this motion to stay is premature because it is uncertain whether the USPTO will choose to institute an IPR based on Defendants' petitions. It is certainly true that the USPTO may choose not to institute an IPR, in which case no simplification of issues will result from the stay. However, if an IPR is not instituted, the stay will be relatively short and the action can continue with minimal delay.

If, on the other hand, the case is not stayed, but an IPR is instituted, the court will undoubtably be faced with another motion to stay, at which point Plaintiff will argue that the stay should be denied due to the significant resources expended by the parties and the Court in the intervening months. The Court will then have to balance this expenditure of resources against the benefits of staying the case at that time. Additionally, refusing a stay incurs the risk that developments in the IPR proceedings, if they are instituted, will necessitate reconsideration of the Court's claim construction order or render certain claim construction disputes moot after the court has already construed the claims. Thus, the risk of delay attending an unnecessary stay is minimal relative to the risk of unnecessary expenditure of

resources should the stay be denied and an IPR subsequently commence.

Accordingly, the court finds this factor weighs in favor of a stay.

**C. Whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party**

Regarding the third and final factor, the Court finds that any potential prejudice to Plaintiff is minimal relative to the potential benefits of staying the action. Plaintiff argues it is harmed by Defendants' infringement of its patent and a stay will "put off the day when Wonderland may finally claim the remedies it seeks in this action." (Opp'n at 22.)

While it is true that any delay may be prejudicial to a party filing a claim for patent infringement, Plaintiff has not shown any unique prejudice beyond what any plaintiff necessarily experiences when its suit is stayed pending IPR. "Protracted delay is always a risk inherent in granting a stay, yet courts continue to stay actions pending reexamination. The general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay." <u>Sorensen ex rel. Sorensen Research & Dev. Trust v. Black & Decker Corp.</u>, No. 06-cv-1572-BTM, 2007 WL 2696590, at *4 (S.D. Cal. Sept. 10, 2007). "Courts repeatedly have ... found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay."

<u>Affinity Labs of Texas LLC v. Samsung Electronics Co.</u>, No. 14-CV-2717, 2014 WL 3845684, at *4 (N.D. Cal. Aug. 1, 2014).

Plaintiff also argues that, because Defendants are direct competitors of Plaintiff, it "continues to suffer loss of market share, price erosion, and other harms...." (Opp'n at 22.) Courts are divided on whether infringement among competitors necessarily constitutes undue prejudice to the non-moving party. <u>See</u>, <u>e.g.</u>, <u>Universal Electronics</u>, 943 F. Supp. 2d at 1033-34 (recognizing conflict among various courts regarding whether infringement by direct competitors necessarily causes "harm in the marketplace that is not compensable by readily calculable money damages"). Given this conflict among courts, the prejudice factor is not easily resolved by application of a <u>per se</u> rule regarding competitors. It instead necessitates examining the circumstances of the case to determine if monetary damages are sufficient to compensate for harm incurred during a potential stay.

"One relevant consideration in evaluating [Plaintiff's] claims of undue harm is whether the parties are sole competitors in the relevant markets." <u>Karl Storz v. Stryker Corp.</u>, No. 14-cv-00876-RS, at *7 (N.D. Cal. Mar. 30, 2015). Here, Defendants have introduced evidence of at least 11 other competitors in the marketplace. (Motion to Stay at 22-23; Doc. 49, Ex. 19.)

While this does not definitively show there will be no undue prejudice to Plaintiff, it undermines the weight that should be afforded Plaintiff's contentions of undue harm.

The parties also dispute whether Plaintiff's decision not to seek a preliminary injunction undermines Plaintiff's contention that monetary damages will be insufficient. Defendants argue that, if Plaintiff truly believed Defendants' alleged infringement is causing irreparable harm, Plaintiff would have filed for a preliminary injunction. (Motion at 22.) Plaintiff counters that it should not be penalized for sparing the parties more litigation in the form of a motion for preliminary injunction. (Opp'n at 23.)

The Court agrees with Plaintiff that its decision not to seek a preliminary injunction does not conclusively establish that monetary relief is sufficient to compensate for harm suffered by the alleged infringement. The Court declines to speculate as to the rationale underlying a party's tactical decisions in this litigation.

On the other hand, absent a showing that monetary damages are inadequate, the Court is faced with nothing to support Plaintiff's argument beyond the _ipse dixit_ of Plaintiff's counsel. This dearth of evidence also undermines the weight that should be afforded this factor.

While there does appear to be some risk of harm to Plaintiff, the considerations relevant to this factor cut in both directions and there is a lack of strong evidence supporting either side's contentions.  Accordingly, while this factor does weigh against a stay, it does so less heavily than the factors weighing in favor of a stay.

### IV. CONCLUSION

In light of the considerations discussed above, as well as the liberal policy of granting motions to stay litigation pending the outcome of USPTO proceedings, the Court GRANTS Defendants' Motion to Stay Pending <u>Inter Partes</u> Review.  The action is STAYED.  The parties shall file a joint status report within 21 days of the USPTO's decision whether to institute IPR proceedings.  The Court will schedule a status conference at that time to determine whether lifting the stay is warranted.

The Court notes that the outcome of the IPR, including the potential cancellation of claims containing disputed terms, may affect the scope of the disputes between the parties regarding claim construction.  Additionally, the record created during any IPR proceedings may affect the claim construction analysis and may require new briefing.  The Court finds that allowing the parties to re-brief their claim construction disputes after the stay is lifted is the most efficient course.  Accordingly, the Court STRIKES the parties' claim construction filings.  The parties may re-file

claim construction submissions, including any necessary amendments, once the stay is lifted.

Dated: April 20, 2015

VIRGINIA A. PHILLIPS
United States District Judge

13