FAEGRE BAKER DANIELS LLP
Michael Jaeger (Bar No. 289634)
*michael.jaeger@faegrebd.com*
11766 Wilshire Blvd., Suite 750
Los Angeles, CA  90025
Telephone: 310.500.2090
Facsimile: 310.500.2091

R. Trevor Carter (*pro hac vice*)
*trevor.carter@faegrebd.com*
Andrew M. McCoy (*pro hac vice*)
*andrew.mccoy@faegrebd.com*
Reid E. Dodge (*pro hac vice*)
*reid.dodge@faegrebd.com*
300 North Meridian Street, Suite 2700
Indianapolis, IN 46024-1750
Telephone: 317.237.0300
Facsimile: 317.237.1100

*Counsel for Defendants Baby Trend, Inc., Denny Tsai, and Betty Tsai*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONDERLAND NURSERY GOODS CO., LTD<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BABY TREND, INC., DENNY TSAI, and BETTY TSAI<br><br>　　　　Defendants. | Case No. 5:14-cv-01153-VAP (SPx)_____<br><br><br>**DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants Baby Trend, Inc., Denny Tsai, and Betty Tsai ("Baby Trend" or "Defendants") hereby submit their first amended answer and defenses to the Original

1

Complaint ("Complaint") filed by Plaintiff Wonderland Nurserygoods Co., Ltd. ("Wonderland" or "Plaintiff").

As set forth below, Defendants answer the allegations in Wonderland's Complaint by reproducing each of the pertinent headings therein [in brackets] and the corresponding paragraph numbering with the text of Wonderland's paragraph(s) in single-spaced, **bold typeface**, immediately followed by Defendants' answers thereto. Defendants' reproduction, below, of any headings set forth in Wonderland's Complaint is solely for the purpose of convenience and is not, and should not be construed as, an admission by Defendants that any allegations or other statements in such headings, whether explicit or implied, are true, correct, or admitted by Defendants; any such allegations are hereby denied. All allegations in Wonderland's Complaint that Defendants do not expressly admit or deny, below, are hereby denied.

### [I. THE PARTIES]

1. **Wonderland is a corporation organized and existing under the laws of Taiwan and has its principal place of business at Rui Kuang Road, No. 433 l0th Floor, Neihu, Taipei, Taiwan.**

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and, therefore, deny them.

2. **Wonderland was established in 1983 to focus on the global demand for baby products, strollers, cribs, play yards, car safety seats and high chairs. Wonderland is an innovator in the baby product field and designs, engineers, and produces high quality baby products.**

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and, therefore, deny them.

3. **Wonderland and related entities own more than 130 U.S. patents and over 800 patents outside of the U.S., including U.S. Patent No. RE43,919 asserted in paragraphs 13-28 below.**

**ANSWER:** Defendants admit that Wonderland asserts U.S. Patent No. RE 43,919 in the above-captioned matter; however, Defendants deny the merit and validity of Wonderland's allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and, therefore, deny them.

4. **Upon information and belief, Baby Trend is a business entity organized and existing under the laws of California and is headquartered at 1607 S. Campus Avenue, Ontario, California 91761.**

**ANSWER:** While this assertion was correct at the time of Baby Trend's original answer, it is no longer correct; Baby Trend's current address is: 13048 Valley Blvd., Fontana, California 92335.

5. **Upon information and belief, Denny Tsai and Betty Tsai are officers of Baby Trend and residents in this district.**

**ANSWER:** Defendants admit that Denny Tsai and Betty Tsai are "residents in this district." While the remainder of this assertion was true at the time of Defendants' original answer, it is no longer correct; Denny Tsai and Betty Tsai are no longer officers of Baby Trend. Accordingly, Defendants deny the remaining allegations in paragraph 5.

6. **Baby Trend, Denny Tsai and Betty Tsai (collectively "the Defendants") are serial infringers of Wonderland's patents.**

**ANSWER:** Denied.

7. **This Court entered judgment on May 21, 2014, against the Defendants on Wonderland's claims that the Defendants infringed Wonderland's U.S. Pat. Nos. 7,625,043 and 7,600,775 and were enjoined from further selling products that infringe those patents.**

**ANSWER:** While Baby Trend admits that the Honorable Raymond Lew entered judgment on May 22, 2014 against Defendants, Wonderland's allegations in paragraph 7 omit important provisions from the record in the parties' previous litigation involving the above-identified patents. Specifically, as clearly set forth in the parties Agreed Entry of Final Judgment and Injunction, Dkt. No. 85 in Case No. CV12-4052 RSWL (JCGx) ("Agreed Entry") Defendants in this matter explicitly did "not admit liability . . . or that Wonderland has suffered any damages" in the prior litigation. Moreover, as also clearly set forth in the Agreed Entry, Wonderland itself agreed that the judgment "in no way implies a finding of willful or deliberate infringement." In resolving that litigation, it was expressly noted that Defendants withdrew their defenses without prejudice such that those defenses were not adjudicated in that litigation, and Defendants did so "to allow the entry of the relief set forth" in the Agreed Entry. Finally, the Agreed Entry stated that the "Defendants agree to this judgment and the settlement agreement in view of the costs they will incur to litigate this matter going forward." Defendants deny any remaining allegations in paragraph 7.

**[II. JURISDICTION AND VENUE]**

8. **This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the U.S. Code.**

**ANSWER:** Defendants admit that Wonderland purports to bring "an action for patent infringement under the Patent Laws of the United States, Title 35 of the U.S. Code,"

4

but Defendants deny the merit or validity of Wonderland's allegations. Defendants deny any remaining allegations in paragraph 8.

9. **This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.**

**ANSWER:** Defendants admit that Wonderland "[t]his Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338," because Wonderland purports to bring a patent infringement action, but Defendants deny the merit or validity of Wonderland's allegations. Defendants deny any remaining allegations in paragraph 9.

10. **This Court has personal jurisdiction over Baby Trend.**
**ANSWER:** Admitted.

11. **This Court has personal jurisdiction over Denny Tsai and Betty Tsai.**
**ANSWER:** Admitted.

12. **Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).**

**ANSWER:** Defendants admit that "[v]enue is proper in this judicial district," but deny that venue in this judicial district is a convenient forum and deny the merit and validity of any of Wonderland's claims for which venue may be had in this judicial district. Defendants hereby reserve their right to seek to transfer the venue of this matter. Defendants deny any remaining allegations in paragraph 12.

**[COUNT ONE: INFRINGEMENT OF U.S. PATENT NO. RE43,919]**

13. **The allegations of paragraphs 1-12 are incorporated for this Count One as though fully set forth herein.**

**ANSWER:** In response to paragraph 13, Defendants hereby reallege and incorporate by reference, as if fully set forth herein, their responses and any allegations and affirmative statements set forth in paragraphs 1 through 12, above.

14. **U.S. Patent No. RE43,919 ("the '919 Patent"), entitled "Baby Crib," was duly and legally issued by the United States Patent and Trademark Office on January 15, 2013, to inventor Shun-Min Chen and has been duly and legally assigned to Wonderland. A copy of the '919 Patent is attached as Exhibit 1.**

**ANSWER:** Defendants admit that a copy of a document purporting to be the '919 Patent was attached as Exhibit 1 to Plaintiff's Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and, therefore, deny them.

15. **On March 20, 2012, Wonderland was awarded judgment against Qing Yang, Baby Trend's supplier in China. Qing Yang's manufacture of Baby Trend play yards, including the Deluxe Nursery Center line, was found to infringe China Pat. No. CN2680127Y from Application No. 2004200018045 to which the '919 Patent claims priority.**

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and, therefore, deny them.

16. **On information and belief, Wonderland, Denny Tsai, and Betty Tsai have been aware of the finding of infringement against Qing Yang.**

**ANSWER:** Denied.

17.     **On April 24, 2014, Baby Trend and Wonderland met in Los Angeles, California, during which time Wonderland's counsel and Denny Tsai were presented the '919 Patent and informed that at least the Baby Trend Deluxe Close & Cozy Nursery Center Playard ("Deluxe Playard") infringed the '919 Patent.**

**ANSWER:** Denied.

18.     **Baby Trend sells the Deluxe Playard as part of its Deluxe Nursery Center line nationwide at stores including at least Walmart and Amazon.com.**

**ANSWER:** While that assertion was true at the time of Defendants' original answer, it is no longer correct. Accordingly, Baby Trend denies the allegations in paragraph 18.

19.     **Wonderland sells products that are protected by its '919 Patent, including the following branded by Graco: the Nuzzle Nest; Pack 'n Play® with Cuddle Cove Elite Rocking Seat; Day2Night Sleep System; Pack 'n Play® Playard Smart Stations; Pack 'n Play® Playard; Silhouette™ Pack 'n Play® Playard; Pack 'n Play® Playard with Twins Bassinet; Suite Solutions Portable Playard; Travel Lite™ Crib; and Bedroom Bassinet. In addition, the Aprica Haven, Nuna Sena Travel Cot, and Nuna Sena Mini Travel Cot are also sold by Wonderland and covered by the '919 patent.**

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and, therefore, deny them.

20.     **Baby Trend has infringed and continues to infringe, has induced and continues to induce others to infringe, and has committed and continues to commit acts of contributory infringement of one or more claims of the '919 Patent in this judicial district and elsewhere by making, using, selling, offering for sale, and importing into the United States play yards, including at least the Deluxe Playard, that are covered by one or more claims of the '919 Patent, all in violation of 35 U.S.C. § 271 and to the injury of Wonderland.**

**ANSWER:** Denied.

21.  **As a result of Baby Trend's infringement of the '919 Patent, Wonderland has suffered damages in an amount to be determined and will continue to suffer damages in the future.**

**ANSWER:** Denied.

22.  **Upon information and belief, Baby Trend's infringement of the '919 Patent will continue in the future, and Wonderland will continue to suffer damages as a consequence, unless Baby Trend's infringing acts are enjoined by this Court.**

**ANSWER:** Denied.

### [COUNT TWO: INDUCEMENT OF INFRINGEMENT OF U.S. PATENT NO. RE43,919]

23.  **The allegations of paragraphs 1-22 are incorporated for this Count Two as though fully set forth herein.**

**ANSWER:** In response to paragraph 23, Defendants hereby reallege and incorporate by reference, as if fully set forth herein, their responses and any allegations and affirmative statements set forth in paragraphs 1 through 22, above.

24.  **Defendants Denny Tsai and Betty Tsai have had knowledge of the '919 Patent since at least on or about the meeting in Los Angeles, California on April 24, 2014.**

**ANSWER:** Defendant Denny Tsai admits that he was present at the office of Wonderland's counsel-of-record on April 24, 2014 in Los Angeles, California, and that Wonderland's counsel-of-record handed Defendants' undersigned counsel a copy of the '919 Patent.  Defendant Denny Tsai denies any remaining allegations in paragraph 24.

Defendant Betty Tsai is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and, therefore, denies them.

25. **Defendants Denny Tsai and Betty Tsai have authority and control over the operations of Baby Trend.**

**ANSWER:** While that assertion was true at the time of Baby Trend's original answer, it is no longer correct. Accordingly, Defendants deny the allegations in paragraph 25.

26. **On information and belief, Baby Trend continues to sell, offer to sell, and import the Deluxe Playard.**

**ANSWER:** While portions of this assertion were true at the time of Defendants' original answer, they are no longer correct. Accordingly, Defendants deny the allegations in paragraph 26.

27. **On information and belief, Defendants Denny Tsai and Betty Tsai know that the Deluxe Playard infringes the '919 Patent, actively encourage and control Baby Trend's continued sale of the Deluxe Playard, and know and intend that their actions cause Baby Trend's infringement of the '919 Patent, all in violation of 35 U.S.C. § 271 causing injury to Wonderland.**

**ANSWER:** Denied.

28. **Upon information and belief, Denny Tsai's and Betty Tsai's inducement of infringement of the '919 Patent will continue in the future, and Wonderland will continue to suffer damages as a consequence, Denny Tsai's and Betty Tsai's infringing acts are enjoined by this Court.**

**ANSWER:** Denied.

## [III.   PRAYER FOR RELIEF]

In response to Wonderland's Prayer for Relief, Defendants respectfully request that the Court deny, in all respects, Wonderland's claims and any other requests for relief; that Wonderland take nothing by way of its Complaint; and that Wonderland's Complaint, and all claims therein, be dismissed with prejudice.

## I. DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Defendants assert the following defenses to Plaintiff's claims:

### FIRST DEFENSE: NON-INFRINGEMENT

29.   Defendants hereby reallege and incorporate by reference, as if fully set forth herein, their responses and any allegations and affirmative statements set forth in paragraphs 1 through 28, above.

30.   Defendants do not infringe, and have never infringed, any valid claim of the '919 Patent, whether literally, directly, indirectly, jointly with any other person or entity, contributorily, by inducement, under the doctrine of equivalents, or otherwise under any section of 35 U.S.C. § 271, and are without any liability to Wonderland.

### SECOND DEFENSE: INVALIDITY

31.   Defendants hereby reallege and incorporate by reference, as if fully set forth herein, their responses and any allegations and affirmative statements set forth in paragraphs 1 through 30, above.

32.   The claims of the '919 Patent are invalid for failure to meet and/or comply with one or more of the conditions and requirements of the patent laws and regulations,

including, but not limited to, the conditions and requirements set forth in each of the following statutory provisions (including subparts thereof): 35 U.S.C. §§ 101, 102, 103, 112, and 251 (including but not limited to the original patent requirement); and 37 C.F.R. §§ 1.1 *et seq*.

### THIRD DEFENSE: FAILURE TO STATE A CLAIM

33. Defendants hereby reallege and incorporate by reference, as if fully set forth herein, their responses and any allegations and affirmative statements set forth in paragraphs 1 through 32, above.

34. Wonderland has failed to state any claim upon which relief may be granted.

### FOURTH DEFENSE: LIMITATION ON DAMAGES AND COSTS

35. Defendants hereby reallege and incorporate by reference, as if fully set forth herein, their responses and any allegations and affirmative statements set forth in paragraphs 1 through 34, above.

36. Some or all of Plaintiff's claims for relief concerning the '919 Patent are limited as a consequence of failing to comply with the requirements of 35 U.S.C. §§ 285, 286, 287, and/or 288.

### FIFTH DEFENSE: EQUITABLE DEFENSES

37. Defendants hereby reallege and incorporate by reference, as if fully set forth herein, their responses and any allegations and affirmative statements set forth in paragraphs 1 through 36, above.

38. Plaintiff's claims for relief concerning the '919 Patent are barred, in whole or in part, by the equitable doctrines of waiver and/or estoppel.

### SIXTH DEFENSE: INTERVENING RIGHTS

39. Defendants hereby reallege and incorporate by reference, as if fully set forth herein, their responses and any allegations and affirmative statements set forth in paragraphs 1 through 38, above.

40. Plaintiff is foreclosed from recovering any damages from Defendants pursuant to the doctrines of absolute and/or equitable intervening rights.

### SEVENTH DEFENSE: LACK OF SUBJECT MATTER JURISDICTION

41. Defendants hereby reallege and incorporate by reference, as if fully set forth herein, their responses and any allegations and affirmative statements set forth in paragraphs 1 through 40, above.

42. To the extent that Plaintiff purports to state claims for alleged injuries arising from alleged conduct outside of the United States, this Court is without subject matter jurisdiction to hear those claims.

### EIGHTH DEFENSE: PROSECUTION HISTORY ESTOPPEL

43. Defendants hereby reallege and incorporate by reference, as if fully set forth herein, their responses and any allegations and affirmative statements set forth in paragraphs 1 through 42, above.

44. Plaintiff is estopped from asserting any interpretation of any valid claim of the '919 Patent to cover any of Defendants' products used, imported, sold, or offered for sale; services; and/or methods of manufacture, and Plaintiff's claims are barred, in whole or in part, due to prosecution history estoppel and/or disclaimer, including statements, representations, and admissions made during prosecution and/or reexaminations of the '919 Patent and/or any related patents or patent applications.

### NINTH DEFENSE: ADEQUATE REMEDY AT LAW

45. Defendants hereby reallege and incorporate by reference, as if fully set forth herein, their responses and any allegations and affirmative statements set forth in paragraphs 1 through 44, above.

46. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable and Plaintiff has an adequate remedy at law.

### TENTH DEFENSE: EXCEPTIONAL CASE

47. Defendants hereby reallege and incorporate by reference, as if fully set forth herein, their responses and any allegations and affirmative statements set forth in paragraphs 1 through 46, above.

48. Plaintiff cannot prove that this is an exceptional case justifying an award of attorneys' fees against Defendants pursuant to 35 U.S.C. § 285.

### ELEVENTH DEFENSE: RESERVATION OF ADDITIONAL DEFENSES

49. Defendants hereby reallege and incorporate by reference, as if fully set forth herein, their responses and any allegations and affirmative statements set forth in paragraphs 1 through 48, above.

50. Defendants reserve all defenses in the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or equity that exist now or that may be available in the future based on discovery, any other factual investigation, or any other development relating to this case or any other action.

## II. PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court deny, in all respects, Plaintiff's claims and any other requests for relief; that Plaintiff take nothing by way of its claims and any other requests for relief; that Plaintiff's Complaint, and all claims therein, be dismissed with prejudice; that the Court enter judgment in favor of Defendants and against Plaintiff on all claims asserted by Plaintiff; and that the Court enter a judgment:

A. Finding that Plaintiff should take nothing by way of its Complaint;

B. Finding that Defendants do not infringe, and have never infringed, any valid claim of the '919 Patent, whether literally, directly, indirectly, jointly with any other person or entity, contributorily, by inducement, under the doctrine of equivalents, or otherwise under any section of 35 U.S.C. § 271;

C. Finding that all asserted claims of the '919 Patent are invalid;

D. Finding that Plaintiff is not entitled to any injunctive relief;

E. Finding that all asserted claims of the '919 Patent are unenforceable against Defendants and no damages for any alleged past infringement of the '919 Patent by Defendants, if any, can be recovered by Plaintiff because such damages are barred by the doctrine of intervening rights and/or the equitable doctrines of laches, waiver, and/or estoppel;

F. Enjoining Plaintiff, its counsel, its officers, and any and all persons in active concert or participation with it, either directly or indirectly, from charging infringement of, or instituting any action for infringement of, the '919 Patent against Defendants, their vendors, business partners, or customers for the manufacture, use, sale, offer for sale, or importation of Baby Trend's products, systems, and/or services that Plaintiff accuses of infringing the '919 Patent.

G. Awarding Defendants their costs, expenses, and fees, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285 and/or other applicable statutes; and

H. Awarding Defendants such other and further relief as the Court deems just, equitable and proper.

### III. JURY DEMAND

Defendants hereby respectfully request a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable.

Dated: November 7, 2019

Respectfully submitted,

 /s/ Reid E. Dodge
Michael Jaeger (Bar No. 289634)
**FAEGRE BAKER DANIELS LLP**
11766 Wilshire Blvd., Suite 750
Los Angeles, CA  90025
Ph: 310.500.2090
Fax: 310.500.2091
Email:  Michael.Jaeger@faegrebd.com

```
 1
 2                                        R. Trevor Carter (*pro hac vice*)
 3                                        Andrew M. McCoy (*pro hac vice*)
                                          Reid E. Dodge (*pro hac vice*)
 4                                        **FAEGRE BAKER DANIELS LLP**
                                          300 North Meridian St., Suite 2500
 5                                        Indianapolis, IN  46204
 6                                        Ph:    (317) 237-0300
                                          Fax:   (317) 237-1000
 7                                        Email:   trevor.carter@faegrebd.com
                                                   andrew.mccoy@faegrebd.com
 8                                                 reid.dodge@faegrebd.com
 9
10                                        **Counsel for Defendants Baby Trend, Inc.,
                                          Denny Tsai, and Betty Tsai**
11
12
...
28                                        15
```