Michael Song (SBN 243675)
michael.song@ltlattorneys.com
Heather F. Auyang (SBN 191776)
heather.auyang@ltlattorneys.com
Dat Nguyen (SBN 280755)
dat.nguyen@ltlattorneys.com
LTL ATTORNEYS LLP
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel: 213-612-8900
Fax: 213-612-3773

*Attorneys for Plaintiff*
*Wonderland Nurserygoods Co., Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONDERLAND NURSERYGOODS, CO., LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>BABY TREND, INC. et al.,<br><br>    Defendants. | Case No. 5:14-cv-001153-JWH-SP<br><br>**DISCOVERY MATTER**<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF SAMPLES OF ACCUSED PRODUCTS**<br><br>**Discovery Cutoff: June 30, 2021**<br>**Pretrial Conf.:** Nov. 19, 2021<br>**Trial:** Dec. 13, 2021<br><br>Hearing Date:   June 1, 2021<br>Hearing Time:   10:00 a.m.<br>Hearing Place:   Zoom<br>Hearing Judge:   Hon. Sheri Pym |

## I. Introduction

Pursuant to L.R. 37-2.3, Plaintiff Wonderland Nurserygoods Co., Ltd. ("Plaintiff" or "Wonderland") files this Supplemental Memorandum in support of its Motion to Compel Defendants Baby Trend, Inc., Denny Tsai, and Betty Tsai (collectively, "Defendants") to Produce Samples of Accused Products ("Motion to Compel") (ECF No. 183).

In their Supplemental Memorandum, Defendants ask the Court to deny Wonderland's Motion to Compel because they have now agreed to produce (or make available for inspection) samples of accused products that it currently has in its possession. *See* Defs.' Supp. Memo (ECF No. 188). But Defendants omit important facts from their Supplemental Memorandum and fail to address the prejudice caused by Defendants' failure to preserve and timely produce the requested samples. Thus, Defendants' agreement to provide samples of some of the accused products does not completely resolve Wonderland's Motion to Compel. Specifically, the following three issues remain: (1) the timing of Defendants' production of samples of accused products currently in their possession; (2) the effect of Defendants' failure to preserve and produce samples of accused products (or other evidence showing their design); and (3) whether Defendants should be required to pay Wonderland's attorneys' fees after forcing Wonderland to file its Motion to Compel.

## II. Defendants' Representation that There Are Only Two Types of Accused Products Was Unreliable and Inaccurate

In response to Wonderland's discovery request for samples, Defendants stated that they "will not produce two samples of all Accused Products at least because there are only two fabric connection mechanisms at issue in this Matter." *See* Defs.' Resp. to Pl.'s RFP No. 197 (ECF No. 183-1 at 69). When Wonderland was forced to file its Motion to Compel, Defendants double-down and stated, "Defendants have consistently represented that there are two types of connection mechanisms for the various Accused Products and grouped them into two categories—Category 1

1

Accused Products (or "old design") and Category 2 Accused Products (or "new design")—to simplify the issues and to streamline discovery." Joint Stip. re: Mot. to Compel at 3 (ECF No. 183). Based on this representation, Defendants proposed using representative models for the two categories of accused products but refused to allow Wonderland to select the representative models. *Id.* at 20.

In order to be truly "representative" of a category of products, any model within that category should be acceptable. Moreover, because there are less than 20 models in each category, Defendants should have been able to agree to any model as a potentially representative model. Indeed, Wonderland repeatedly asked why Defendants would not agree to allow Wonderland to select the representative models given their representation that there are only two fabric connection mechanisms at issue in this case. *See* Song Dec., Ex. H at 3, 4, 11, 14; Ex. I at 22.

Defendants refused to respond to Wonderland's inquiries, rejected Wonderland's proposed representative models, and instead agreed to produce samples of accused products that they currently have in their possession. *Id.*, Ex. I at 25. Defendants' refusal to agree to Wonderland's proposed representative models raises serious concerns over the accuracy of Defendants' representation that all the accused products only have two fabric connection mechanisms. *Id.*, Ex. I at 22.

**III.   The Court Should Order Defendants to Produce Samples in Their Possession Without Delay**

While Defendants have agreed to produce samples of accused products that they have in their possession, Defendants continue to delay production of those samples. In their Supplemental Memorandum, Defendants incorrectly imply that they are waiting for Wonderland to provide billing information, a shipping address, and a method of shipment. *See* Defs.' Supp. Memo at 2 (ECF No. 188) ("Once Wonderland pays Baby Trend's costs (plus shipping) for the products being produced, Baby Trend will ship those products without further delay.").

Wonderland is not obligated to pay Defendants' costs for the samples but

2

agreed to do so to expedite receipt of the samples. Defendants, however, omit the fact that Wonderland has provided billing information and a shipping address and are waiting for Defendants to provide the cost and shipping options for the samples. Song Decl., Ex. I at 23-24. Wonderland cannot pay for samples when it does not know the cost (including shipping). Defendants' refusal to provide samples until it receives payment is merely another delay tactic.

Accordingly, the Court should order Defendants to (1) immediately provide evidence of its costs for the samples and shipment to Wonderland's counsel's office, and (2) produce the samples in their possession prior to receiving payment.

**IV.   The Court Should Enter an Adverse Inference for Accused Products for which Defendants Failed to Preserve Evidence Showing the Design**

The asserted claims are directed to a playard where the outwardly facing surface of the upright tubes are exposed on the outside of the enclosed space. *See* U.S. Patent No. 43,919 at claims 1, 8, 15, 20 (ECF No. 183-1 at 141-142). Whether an accused playard has exposed tubes can be determined by a visual inspection of the exterior of the playard, but evidence of the internal structure of how the fabric is connected to the upright tubes is necessary for Wonderland to prove infringement. *Id.*

Defendants admit that they no longer possess samples of some of the accused products. *See* Joint Stip. re: Mot. to Compel at 18-19 (ECF No. 183 at 22-23); Song Decl., Ex. I at 25-26. Defendants also have not produced design documents depicting the structure of all the accused products. *See* Song Decl., Ex. H at 11, 19; *see also* Song Decl., Ex. E at 101-118 (ECF No. 183-1 at 106-123). Thus, Defendants have failed to preserve and produce evidence necessary for Wonderland to prove its case.

Defendants argue that Wonderland has failed to show "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind[;]' and (3) that the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *See* Joint Stip. re: Mot.

to Compel at 22 (ECF No. 183) (citing *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 219-20 (S.D.N.Y. 2003)). But Defendants' argument is premised on their representation that representative models are sufficient because every model in each category has "the same exact structure and connection mechanism." *Id.* at 23 (ECF No. 183 at 27). As discussed *supra* at § II, Defendants' refusal to agree to Wonderland's proposed representative models demonstrates that this representation is unreliable and inaccurate. Thus, there is no dispute that samples of the accused products—which are the best and apparently only evidence that shows the internal structure of the connection mechanism—are relevant and should have been preserved.

With respect to Defendants' culpable state of mind, "[i]n the Ninth Circuit, a party may be entitled to an adverse inference instruction based on spoliation even in the absence of a finding of bad faith." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 998 (N.D. Cal. 2012). "The Court need only find that [Defendants] acted with 'conscious disregard' of its obligations." *Id.* Here, Defendants intentionally sold out its inventory of some of the accused products and failed to preserve evidence necessary for Wonderland to prove infringement. Thus, the Court should find that Defendants had the requisite culpable state of mind.

Accordingly, as in *Zest IP Holdings, LLC v. Implant Direct Mfg. LLC*, No. 10CV541-GPC (WVG), 2014 WL 6851607, at *14 (S.D. Cal. June 16, 2014), Wonderland requests that the Court enter the following adverse inference:[1]

> Defendants failed to prevent the destruction of relevant evidence for Plaintiff's use in this litigation. The evidence pertains to the design and structure of Defendants' products and Plaintiff's claim that the accused products infringe Plaintiff's patent. This failure resulted from Defendants' failure to perform their

---

[1] Wonderland requests a different adverse inference than originally requested because Defendants' representation that there are only two types of fabric connection mechanisms has been shown to be unreliable and inaccurate.

4

discovery obligations. You may, if you find appropriate, presume from that destruction, that the evidence destroyed was relevant to Plaintiff's case and that the destroyed evidence was favorable to Plaintiff.

## V. Defendants Should Be Required to Pay Wonderland's Expenses, Including Attorneys' Fees, in Filing this Motion to Compel

Federal Rule of Civil Procedure 37 provides that "[i]f the motion [to compel] is granted—*or if the disclosure or requested discovery is provided after the motion was filed*—the court *must*, after giving an opportunity to be heard, *require the party … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees*." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

Defendants agreed to produce samples only after forcing Wonderland to file its Motion to Compel. Wonderland has acted in good faith, as it (1) first attempted to obtain design documents, *see* Song Dec., Ex. E at 101-118 (ECF No. 183-1 at 106-123); (2) proposed representative models one day after receiving updated sales information, *see id.*, Ex. H at 9-10; and (3) timely requested samples on March 19, 2021—3 months prior to the close of fact discovery, *see id.*, Ex. B at 54. While Defendants argued that Wonderland's request for samples was untimely, made only at the tail end of discovery of a case that has been pending for seven years, *see* Joint Stip. re: Mot. to Compel at 3 (ECF No. 183), Defendants failed to mention that this case has been stayed over Wonderland's objection for more than four years. *See* Order Staying Case (ECF No. 64); Order Re-Opening Case (ECF No. 101).

Accordingly, Defendants should be ordered to pay Wonderland's attorneys' fees in filing its Motion to Compel.

## VI. Conclusion

For all the reasons set forth in Wonderland's portion of the Joint Stipulation and this Supplemental Memorandum, Wonderland respectfully requests the Court grant its Motion to Compel.

| | | |
|---|---|---|
| 1 | Dated: May 18, 2021 | LTL ATTORNEYS LLP |
| 2 | | |
| 3 | | By   /s/ *Michael J. Song*  <br>         Michael J. Song |
| 4 | | |
| 5 | | Michael J. Song (SBN 243675)  <br>michael.song@ltlattorneys.com |
| 6 | | Heather F. Auyang (SBN 191776)  <br>heather.auyang@ltlattorneys.com |
| 7 | | Dat T. Nguyen (SBN 280755)  <br>dat.nguyen@ltlattorneys.com |
| 8 | | **LTL ATTORNEYS LLP** |
| 9 | | 300 South Grand Avenue, 14th Floor  <br>Los Angeles, California 90071 |
| 10 | | Tel:   213-612-8900 |
| 11 | | Fax:   213-612-3773 |
| 12 | | |
| 13 | | Roger D. Taylor (admitted *pro hac vice*)  <br>roger.taylor@taylorsfirm.law |
| 14 | | **LAW OFFICE OF ROGER TAYLOR, LLC** |
| 15 | | 531 Roselane Street, NW, Suite 200  <br>Marietta, Georgia 30060 |
| 16 | | Tel:   770-331-8733 |
| 17 | | *Attorneys for Plaintiff* |
| 18 | | *Wonderland Nurserygoods Co., Ltd.* |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |