**CIVIL MINUTES - GENERAL**

| Case No. | 5:14-cv-01153-JWH (SPx) | Date | June 7, 2021 |
|---|---|---|---|
| Title | Wonderland Nurserygoods Co., Ltd. v. Baby Trend, Inc., et al. | | |

| Present: The Honorable | SHERI PYM, United States Magistrate Judge |
|---|---|

| Kimberly I. Carter | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order Granting in Part and Denying in Part Plaintiff's Motion to Compel and for Spoliation Sanctions [183]**

# I. INTRODUCTION

On May 11, 2021, plaintiff Wonderland Nurserygoods Co., Ltd. filed a joint stipulation ("JS") regarding its motion to compel and for spoliation sanctions against defendants Baby Trend, Inc., Denny Tsai, and Betty Tsai. Docket No. 183. The parties filed supplemental memoranda in support of their arguments on May 18, 2021 ("Pl.'s Supp. Mem." and "Defs.' Supp. Mem."). Plaintiff's arguments are supported by the declarations of its counsel Michael J. Song ("Song Decl." and "Song Supp. Decl.") and exhibits A through I. Defendants' arguments are supported by the declaration of their counsel Kendall C. Griffin ("Griffin Decl.") and exhibits H through K.

The court found a hearing on the motion would not be of assistance and so vacated the hearing scheduled for June 1, 2021. The court now grants in part and denies in part plaintiff's motion to compel and for spoliation sanctions, for the reasons discussed below.

# II. BACKGROUND

Plaintiff designs, engineers, and produces baby products, including strollers, cribs, play yards, car seats, and high chairs. Compl. ¶ 2. Plaintiff and related entities own more than 130 U.S. patents, including U.S. Patent Number RE43,919 entitled "Baby Crib." *Id.* ¶¶ 3, 14. Plaintiff alleges several of its products are protected by the '919 patent, including several play yards and sleep stations. *See id.* ¶ 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:14-cv-01153-JWH (SPx) | Date | June 7, 2021 |
|---|---|---|---|
| Title | Wonderland Nurserygoods Co., Ltd. v. Baby Trend, Inc., et al. | | |

On June 6, 2014, plaintiff filed a Complaint accusing defendants of willful infringement and inducement of infringement of the '919 patent. *See generally id.* Plaintiff claims defendant Baby Trend sells a "Deluxe Playard" and other similar products that infringe the '919 patent. *See id.* ¶ 17; JS at 8-9. Plaintiff argues defendants know they are infringing its patent because plaintiff was previously awarded judgment against Baby Trend's supplier of play yards in China for infringement of a Chinese patent to which the '919 patent claims priority. *See* Compl. ¶ 15. Plaintiff seeks injunctive relief, compensatory and increased damages, and costs. *See id.*, Prayer for Relief.

On defendants' motion, the court stayed the case on April 13, 2015 pending inter partes review of the '919 patent. On September 6, 2019, the court lifted the stay upon conclusion of two rounds of inter partes review proceedings. The parties filed a Joint Claim Construction Statement on May 1, 2020, followed by opening claim construction briefs on May 15, 2020. The court held a claim construction hearing (*Markman* hearing) on December 8, 2020 and issued a claim construction order on December 30, 2020.

At issue in this motion are plaintiff's sixth set of requests for production of documents ("RFPs"), which includes a single RFP (RFP no. 197). Song Decl., Ex. B. Plaintiff served the RFP on March 19, 2021. *Id.* On April 19, 2021, defendants served their objections and responses to the RFP. *Id.*, Ex. C.

### III. DISCUSSION

Plaintiff moves to compel defendants to fully comply with RFP no. 197, which asks for "[t]wo samples of any and all ACCUSED PRODUCTS DEFENDANTS made, used, imported, sold, offered for sale, or are otherwise disposed of in the U.S. from January 1, 2013 to present." JS at 2; Song Decl., Ex. B. Plaintiff defines "accused products" to include at least 25 specific products listed in its sixth set of RFPs by name and item number. Song Decl., Ex. B.

Plaintiff argues the samples are needed for several reasons: (1) this case involves a mechanical patent so examination of the accused products is necessary to show infringement; (2) some of the accused products are no longer commercially available because this case has been pending for almost seven years; (3) the samples currently in plaintiff's possession were purchased by prior counsel, which may raise chain of custody

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:14-cv-01153-JWH (SPx) | Date | June 7, 2021 |
|---|---|---|---|
| Title | Wonderland Nurserygoods Co., Ltd. v. Baby Trend, Inc., et al. | | |

issues; and (4) defendants state they have no design documents showing the structure of some of the accused products. *See* JS at 1.

Defendants object to RFP no. 197 as untimely, unduly burdensome, harassing, disproportional, and cumulative to the extent plaintiff already possesses some of the accused products.[1] *See* JS at 3-4. Defendants also claim the accused products have been publicly available to purchase for the entirety of the case, although many have been discontinued and so defendants no longer have them in inventory. *See* JS at 4. Defendants further object to one of the products listed in plaintiff's definition of accused products.[2] They claim "Go Gear Custom Grow Nursery Center - Blue Spectrum PY74C29B" ("Blue Spectrum") has never been used, manufactured, sold, offered for sale, or imported into the U.S. Song Decl., Ex. C.

Defendants initially argued samples of each accused product were unnecessary because the products fall into two categories based on their fabric connection mechanism – Category 1 includes "old design" products and Category 2 includes "new design" products. *Id.*; JS at 3. Thus, defendants contended the parties could rely on only two samples, one for each representative category. Song Decl., Ex. C; JS at 2-3. Defendants argued their proposal was consistent with plaintiff's own method of representative charting. JS at 2. Although they argued they are not obligated to defend against plaintiff's claims using representative products, defendants contended doing so would simplify the issues and streamline discovery. *See* JS at 3.

Plaintiff initially agreed to accept production of two representative samples but only if it could choose the products. JS at 1-2. Plaintiff also asked the court to order

---

[1] Defendants did not raise their timeliness, harassment, and cumulative discovery objections in their initial responses to plaintiff's RFP no. 197. *See generally* Song Decl., Ex. C. Moreover, in their initial responses, defendants raised overbreadth and vagueness objections, which defendants appear to have dropped in their opposition to plaintiff's motion to compel. *See generally* JS; Defs.' Supp. Mem.

[2] Initially, defendants also contended plaintiff had not properly accused the "MUV Custom Grow Nursery Center - Jaclyn PY74C65A" of infringement. Song Decl., Ex. C. Plaintiff states defendants agreed to drop this objection. JS at 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:14-cv-01153-JWH (SPx) | Date | June 7, 2021 |
|---|---|---|---|
| Title | Wonderland Nurserygoods Co., Ltd. v. Baby Trend, Inc., et al. | | |

defendants to disclose any differences relevant to infringement prior to its selection of representative products. *Id.*

The parties continued to meet and confer regarding their dispute after filing the instant joint stipulation. The parties reached an impasse on representative product selection, so defendants began to gather available accused products for production. Defs.' Supp. Mem. at 1. Defendants claim their inventory of Category 1 products is low, so they will gather all existing products in their possession, custody, or control and make them available for inspection in the Los Angeles area. *See id.* at 1-2. As for Category 2, defendants agreed to ship all products they have in inventory to plaintiff at cost (plus shipping), except for one product for which they only have a single unit. *Id.* Defendants will make that product available for inspection along with the Category 1 products. *Id.* at 2. According to defendants, they will begin shipping products as soon as they receive plaintiff's payment. *Id.*

The court starts with some threshold issues. First, defendants concede samples of the accused products are relevant. JS at 23; *Finjan, Inc. v. ESET, LLC*, 2018 WL 4825705, at *2 (S.D. Cal. Oct. 4, 2018) (ordering production of relevant samples at movant's cost). Second, the court overrules defendants' objections that RFP no. 197 is untimely, harassing, and cumulative. Defendants waived those objections by failing to raise them in their initial responses to the RFP. *See Hall v. Marriott Int'l, Inc.*, 2021 WL 1906464, at *10 (S.D. Cal. May 12, 2021) (absent good cause, objections to a discovery request raised for the first time in opposition to a motion to compel are waived).

Third, the circumstances have changed since the parties filed their joint stipulation. Namely, defendants have effectively waived their undue burden and proportionality objections by agreeing to produce available samples to plaintiff. Thus, the only remaining disputes before the court concern the logistics of producing available samples and what to do about the accused products that are no longer in defendants' possession, custody, or control.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:14-cv-01153-JWH (SPx) | Date | June 7, 2021 |
| Title | Wonderland Nurserygoods Co., Ltd. v. Baby Trend, Inc., et al. | | |

### A. Product Samples in Defendants' Possession, Custody, or Control

Plaintiff claims defendants are unnecessarily delaying production of samples in their possession. Pl.'s Supp. Mem. at 2. Plaintiff alleges it has already provided billing information and a shipping address but is still waiting for defendants to share shipping options and cost. *Id.* at 3. Plaintiff further argues defendants should not demand payment before mailing the samples. *Id.*

Plaintiff agreed to pay for the samples, and the court sees nothing unreasonable about defendants demanding payment before shipping the accused products. On the other hand, the court agrees the production process should be quick and simple.[3] To that end, the court orders defendants to provide plaintiff the following information within three days of this Order: (1) a list of shipping options that includes a reasonable range of delivery speeds and costs; and (2) the total cost of each accused product to be shipped to plaintiff. Defendants shall ship the samples to plaintiff within three business days after receiving payment for the cost of each accused product and selected shipping method.

### B. Product Samples Not in Defendants' Possession, Custody, or Control

Defendants no longer have inventory of some of the accused products, including:

| Product | Item Number | Category |
|---|---|---|
| Deluxe Nursery Center - Chloe | PY87966 | 1 |
| Deluxe Nursery Center - Northridge Plaid | PY87915 | 1 |
| Deluxe Nursery Center - Zulu | PY87916 | 1 |
| Deluxe Nursery Center - Daisy | PY87945 | 1 |
| Deluxe Nursery Center - Chickadee | PY87965 | 1 |

---

[3] Similarly, with respect to inspection of the products that are low on inventory, the court expects the parties will collaborate on finding a reasonably prompt date for inspection.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:14-cv-01153-JWH (SPx) | Date | June 7, 2021 |
| Title | Wonderland Nurserygoods Co., Ltd. v. Baby Trend, Inc., et al. | | |

| | | |
|---|---|---|
| Deluxe Nursery Center - Provence | PY86992 | 1 |
| Deluxe Nursery Center - Bayou Friends | PY86941 | 1 |
| Deluxe Nursery Center - Gabriella | PY87029 | 1 |
| Go-Lite ELX Nursery Center - Venice | PY47777 | 2 |
| Go-Lite ELX Nursery Center - Rose Gold | PY47B61H | 2 |
| Resort SE Nursery Center - Organic Birch | PY72A56A | 2 |

Song Supp. Decl., Ex. H at 18 & Ex. I at 25. The question is how to proceed without samples of these products. As discussed below, the parties can reach agreement on a representative product or products for these unavailable products or take their chances arguing the issue of spoliation.

1. **Choosing a Sample or Samples to Represent the Unavailable Accused Products**

Both parties flip-flop on the issue of representativeness. At first, the parties appeared to agree the accused products were representative of each other within categories. *See* JS at 2-3, 11, 14-15. But both sides insisted on unilaterally choosing the representative products. *See* JS at 14-15, 20-21. Plaintiff rejected defendants' proposal to use the very products it charted as representative in its infringement contentions. *See* JS at 4, 21; Griffin Decl., Ex. J at 5 n.5, 40 n.6 & Ex. K at 2. Defendants rejected plaintiff's proposed representative product for Category 2 because it apparently includes fabric and other non-patent related features that are not representative. *See* Defs.' Supp. Mem. at 1 n.1. There is also the issue of whether the chosen products must have curved upright tubes to be truly representative. *See* JS at 15, 19 n.19.

This back and forth regarding representativeness is unproductive. Ultimately, the accused products are either representative of each other or they are not. Neither side has persuaded the court that they are entitled to unilaterally choose the representative products. The parties should be able to work together to choose samples that are representative of the unavailable products. Plaintiff correctly notes any such agreement would have to include a stipulation to not raise future objections based on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:14-cv-01153-JWH (SPx) | Date | June 7, 2021 |
|---|---|---|---|
| Title | Wonderland Nurserygoods Co., Ltd. v. Baby Trend, Inc., et al. | | |

representativeness. *See* JS at 11, 15. If the parties cannot agree on which representative products to use, then the only other apparent option is to consider whether spoliation sanctions are warranted.

### 2. **Spoliation of Samples of the Accused Products**

Plaintiff argues defendants despoiled evidence by failing to preserve samples of all accused products. JS at 17. Plaintiff contends defendants should have started preserving samples as early as at least January 4, 2015 when it identified some of the now unavailable accused products in its First Amended Infringement Contentions. *Id.* As a sanction for defendants' alleged spoliation, plaintiff asks the court to enter the following adverse inference:

> For any accused product that Defendants are unable to produce samples for, Defendants waive all authenticity and admissibility objections to samples obtained by Wonderland's counsel. To the extent Wonderland's counsel does not possess a working sample of any accused product, Wonderland may demonstrate infringement of such accused product by showing that a representative product that Wonderland chooses from each category (*i.e.*, "old design" and "new design") infringes the patent-in-suit.

*Id.*

Defendants make several arguments in opposition to plaintiff's spoliation claims. They argue plaintiff fails to show they had control over the accused samples, that they destroyed samples, or that they had an obligation to even preserve samples. JS at 22. Defendants contend plaintiff should have bought samples of all of the accused products when they were still publicly available for purchase. *See id.* Defendants also argue selling their products cannot constitute destruction of evidence. *Id.* Finally, defendants contend plaintiff cannot prove they had a culpable state of mind in selling off their products. *Id.*

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 625 (C.D. Cal. 2013) (internal quotation marks and alteration omitted). Specifically, "[s]anctions may be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:14-cv-01153-JWH (SPx) | Date | June 7, 2021 |
|---|---|---|---|
| Title | Wonderland Nurserygoods Co., Ltd. v. Baby Trend, Inc., et al. | | |

imposed against a litigant who is on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information." *Wm. T. Thompson Co. v. Gen. Nutrition Corp.*, 593 F. Supp. 1443, 1455 (C.D. Cal. 1984). Courts must exercise their inherent power to sanction with "'restraint and discretion' and only to the degree necessary to redress . . . abuse." *Reinsdorf*, 296 F.R.D. at 626 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)).

"The bare fact that evidence has been altered or destroyed does not necessarily mean that the party has engaged in sanction-worthy spoliation." *Id.* (internal quotation marks omitted). To determine whether sanctions are appropriate, courts in the Ninth Circuit apply a three-part test that considers whether: (1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the evidence was relevant to the parties' claims or defenses. *See id.* (citing cases).

Courts have broad discretion to determine the proper sanction for spoliation among a range that includes further discovery, cost-shifting, fines, special jury instructions, preclusion, and terminating sanctions. *See id.* (citations omitted). To decide which sanction to impose, courts generally consider: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 992 (N.D. Cal. 2012) (internal quotation marks omitted). Sanctions are designed to "(1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." *Reinsdorf*, 296 F.R.D. at 626 (internal quotation marks omitted).

The court here rejects defendants' threshold arguments that selling off their products does not amount to spoliation and that they had no obligation to preserve publicly available evidence. *See* JS at 22. A party does not have to literally destroy evidence to be guilty of spoliation; failing to preserve relevant property for another's use as evidence is also sanctionable. *Reinsdorf*, 296 F.R.D. at 625. Defendants cite no case allowing a party whose property is relevant to litigation to avoid its preservation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:14-cv-01153-JWH (SPx) | Date | June 7, 2021 |
|---|---|---|---|
| Title | Wonderland Nurserygoods Co., Ltd. v. Baby Trend, Inc., et al. | | |

obligations simply by selling that property in the normal course of business. Similarly, defendants offer no legal support for their argument that a party has no obligation to preserve relevant evidence in its possession, custody, or control that is otherwise publicly available. At least some courts in other districts have held the opposite. *See Simone v. VSL Pharms., Inc.*, 2018 WL 1365848, at *7 (D. Md. Mar. 16, 2018) (finding spoliation where party discarded publicly available articles); *Vitamins Online, Inc. v. Heartwise, Inc.*, 2017 WL 2178362, at *1 (D. Utah May 17, 2017) (refusing to amend order sanctioning party for spoliation of its own products). The court finds the outcome in those cases more persuasive than defendants' argument.

Turning to the elements to be considered in deciding whether sanctionable spoliation has occurred, defendants concede samples of the accused products are relevant. *See* JS at 23. In fact, the court agrees with plaintiff that their relevance may be particularly high in this case due to the mechanical nature of the patent and the fact that defendants produced design documents for only some of the accused products. But plaintiff has failed to present sufficient evidence for the court to determine whether defendants had an obligation to preserve the samples at the time they were sold. There is no evidence in the record establishing defendants actually had possession, custody, or control of the unavailable accused products on or after January 4, 2015, the date on which plaintiff argues the duty to preserve was triggered. To prevail, plaintiff need to present evidence sufficient to establish that each of the defendants had possession, custody, or control over each of the accused products on or after their obligation to preserve attached. *See Jerry Beeman & Pharm. Servs., Inc. v. Caremark Inc.*, 322 F. Supp. 3d 1027, 1035-36 (C.D. Cal. 2018) (at least indirect control over the relevant evidence is required for a duty to preserve to attach to a particular party). In other words, there is no spoliation if defendants sold off the unavailable accused products before January 4, 2015.

Accordingly, plaintiff has failed to satisfy its burden to establish each of the elements of its spoliation claim. *See Reinsdorf*, 296 F.R.D. at 626 ("The party seeking spoliation sanctions has the burden of establishing the elements of a spoliation claim." (citation omitted)). The court thus denies plaintiff's motion for spoliation sanctions without prejudice. If the parties are unable to reach agreement on representative products or plaintiff otherwise believes such agreement does not sufficiently redress any prejudice it has suffered, plaintiff may again raise the matter of spoliation. But plaintiff should keep in mind that, even if the court finds there was sanctionable spoliation, if any prejudice may be sufficiently mitigated through representative samples, further sanction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:14-cv-01153-JWH (SPx) | Date | June 7, 2021 |
|---|---|---|---|
| Title | Wonderland Nurserygoods Co., Ltd. v. Baby Trend, Inc., et al. | | |

may not be warranted. As such, the court encourages both sides to meet and confer in good faith to reach agreement on representative samples.

## C. The Need for Further Meet and Confer

As just discussed, the parties must meet and confer in an effort to reach agreement on representative samples, as well as any other measures that may remedy or alleviate any prejudice due to certain accused products being no longer in defendants' possession, custody, or control. In this regard, the parties raise other issues in their briefing that would benefit from additional meet and confer efforts. First, defendants appear to claim that some of the unavailable accused products may still be available to purchase through other entities. *See* JS at 4. If that is the case, the parties must meet and confer about whether that is an adequate and acceptable alternative. Second, the parties must further meet and confer regarding plaintiff's concern that it cannot use the accused products it purchased through prior counsel because of chain of custody issues or because they have been torn down. *See* JS at 14. It does not appear the parties fully considered the possibility of stipulating to use those products despite the alleged concerns.

Finally, the parties do not clarify whether they are still disputing the addition of "Blue Spectrum" to the list of accused products. *See* JS at 12. The court orders the parties to meet and confer about that dispute to the extent it is relevant to future discovery motions.

## D. The Parties' Requests for Reasonable Expenses Under Rule 37

Both parties request an award of reasonable expenses under Federal Rule of Civil Procedure 37(a)(5). JS at 3; Pl.'s Supp. Mem. at 5. Rule 37(a)(5) provides that the prevailing party on a discovery motion is entitled to an award of its reasonable expenses incurred in bringing or opposing the motion, including attorney's fees, except no payment should be ordered if: (1) the motion was filed before the moving party made a good faith effort to resolve the dispute; (2) the losing party's position was substantially justified; or (3) other circumstances make award of expenses unjust.

As described above, the court is granting in part and denying in part plaintiff's motion to compel and for spoliation sanctions. Plaintiff's arguments prevailed more than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:14-cv-01153-JWH (SPx) | Date | June 7, 2021 |
|---|---|---|---|
| Title | Wonderland Nurserygoods Co., Ltd. v. Baby Trend, Inc., et al. | | |

defendants', and indeed have resulted in defendants agreeing to produce all available accused products. But plaintiff did not make a good faith effort to resolve the entire dispute before filing the motion as evidenced by its insistence on unilaterally choosing the representative products. Defendants were substantially justified in opposing that demand and in pushing to rely on representative samples instead of producing samples of all accused products. Defendants were also substantially justified in arguing plaintiff failed to establish the elements for spoliation of evidence. As such, the court concludes neither side is entitled to Rule 37 expenses at this time.

## IV. CONCLUSION

For the foregoing reasons, the court grants in part and denies in part plaintiff's motion to compel and for spoliation sanctions without prejudice (docket no. 183) as described above, and denies the parties' requests for Rule 37 reasonable expenses. If during the further meet and confer ordered by the court the parties believe it would help to discuss any issues with the Magistrate Judge in an effort to informally resolve them, they may contact the Magistrate Judge's courtroom deputy clerk to arrange a telephonic conference. The same is true if there are future discovery disputes the parties believe may be resolved informally.