1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT
9           CENTRAL DISTRICT OF CALIFORNIA
10          _____
11

12  WONDERLAND NURSERYGOODS        Case No. 5:14-cv-01153-JWH(SPx)
    CO., LTD.,
13                                 **MODIFIED PROTECTIVE**
                    Plaintiff,     **ORDER**
14
15      v.
16  BABY TREND, INC., DENNY TSAI,
    and BETTY TSAI,
17
                    Defendant.
18

19      Plaintiff Wonderland Nurserygoods Co., Ltd. ("Plaintiff") and Defendant

20  Baby Trend, Inc. ("Defendant") anticipate that documents, testimony, or

21  information containing or reflecting confidential, proprietary, trade secret, and/or

22  commercially sensitive information are likely to be disclosed or produced during

23  the course of discovery, initial disclosures, and supplemental disclosures in this

24  case and request that the Court enter this Order setting forth the conditions for

25  treating, obtaining, and using such information.

26      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court

27  finds good cause for the following Agreed Protective Order Regarding the

28  Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1    **1.    PURPOSES AND LIMITATIONS**

2        1.1.    Protected Material designated under the terms of this Protective Order

3    shall be used by a Receiving Party solely for this case, and shall not be used

4    directly or indirectly for any other purpose whatsoever.

5        1.2.    The Parties acknowledge that this Order does not confer blanket

6    protections on all disclosures during discovery, or in the course of making initial or

7    supplemental disclosures under Rule 26(a).  Designations under this Order shall be

8    made with care and shall not be made absent a good faith belief that the designated

9    material satisfies the criteria set forth below.  If it comes to a Producing Party's

10   attention that designated material does not qualify for protection at all, or does not

11   qualify for the level of protection initially asserted, the Producing Party must

12   promptly notify all other Parties that it is withdrawing or changing the designation.

13   **2.    DEFINITIONS**

14       2.1.    "Discovery Material" means all items or information, including from

15   any non-party, regardless of the medium or manner generated, stored, or maintained

16   (including, among other things, testimony, transcripts, or tangible things) that are

17   produced, disclosed, or generated in connection with discovery or Rule 26(a)

18   disclosures in this case.

19       2.2.    "Outside Counsel" means (i) outside counsel who appear on the

20   pleadings as counsel for a Party and (ii) partners, associates, and staff of such

21   counsel to whom it is reasonably necessary to disclose the information for this

22   litigation.

23       2.3.    "Patent-in-suit" means U.S. Reissue Patent No. 43,919 and any other

24   patent asserted in this action, as well as any related patents, patent applications,

25   provisional patent applications, continuations, and/or divisionals.

26       2.4.    "Party" means any party to this case, including all of its officers,

27   directors, employees, consultants, retained experts, and outside counsel and their

28   support staffs.

2.5.   "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

2.6.   "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as provided for in this Order.  Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

2.7.   "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

**3.   COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rule 6 of the Federal Rules of Civil Procedure.

**4.   SCOPE**

4.1.   The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

4.2.   Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

4.3.   Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

4.4.   This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any

US.350894898.01

1   way, including, without limitation, an order that certain matter not be produced at

2   all.

3   **5.     DURATION**

4   Even after the termination of this case, the confidentiality obligations

5   imposed by this Order shall remain in effect until a Producing Party agrees

6   otherwise in writing or a court order otherwise directs.

7   **6.     ACCESS TO AND USE OF PROTECTED MATERIAL**

8   **6.1.   Basic Principles**

9   All Protected Material shall be used solely for this case or any related

10   appellate proceeding, and not for any other purpose whatsoever, including without

11   limitation any other litigation, patent prosecution or acquisition, patent

12   reexamination or reissue proceedings, or any business or competitive purpose or

13   function. Protected Material shall not be distributed, disclosed or made available to

14   anyone except as expressly provided in this Order.

15   **6.2.   Patent Prosecution Bar**

16   Absent the written consent of the Producing Party, any person who receives

17   one or more items designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

18   shall not be involved, directly or indirectly, in any of the following activities:

19   advising on, consulting on, preparing, prosecuting, drafting, editing, and/or

20   amending of patent applications, specifications, claims, and/or responses to office

21   actions, or otherwise affecting, in any way, the scope of claims in patent

22   applications relating to the functionality, operation, and design of baby cribs

23   (generally or as described in the Patent-in-suit), before any foreign or domestic

24   agency, including the United States Patent and Trademark Office.  However, to

25   avoid any doubt, "prosecution" as used in this paragraph does not include

26   representing a party challenging a patent before a domestic or foreign agency

27   (including, but not limited to, a reissue protest, ex parte reexamination, inter partes

28   reexamination, inter partes review, or other forms of post-grant review).  These

PROPOSED MODIFIED PROTECTIVE ORDER
Case No. 5:14-cv-01153-JWH(SPx)

US.350894898.01

1    prohibitions shall begin when access to "CONFIDENTIAL – ATTORNEYS'

2    EYES ONLY" materials are first produced by a Producing Party, and shall end two

3    (2) years after the final resolution of this action, including all appeals.

4    **6.3.   Secure Storage**

5    Protected Material must be stored and maintained by a Receiving Party at a

6    location and in a secure manner that ensures that access is limited to the persons

7    authorized under this Order.

8    **6.4.   Legal Advice Based on Protected Material**

9    Nothing in this Protective Order shall be construed to prevent counsel from

10    advising their clients with respect to this case based in whole or in part upon

11    Protected Materials, provided counsel does not disclose the Protected Material itself

12    except as provided in this Order.

13    **6.5.   Limitations**

14    Nothing in this Order shall restrict in any way a Producing Party's use or

15    disclosure of its own Protected Material.  Nothing in this Order shall restrict in any

16    way the use or disclosure of Discovery Material by a Receiving Party:  (i) that is or

17    has become publicly known through no fault of the Receiving Party; (ii) that is

18    lawfully acquired by or known to the Receiving Party independent of the Producing

19    Party; (iii) that is previously produced, disclosed and/or provided by the Producing

20    Party to the Receiving Party or a non-party without an obligation of confidentiality

21    and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or

22    (v) pursuant to order of the Court.

23    **7.   DESIGNATING PROTECTED MATERIAL**

24    **7.1.   Available Designations**

25    Any Producing Party may designate Discovery Material with any of the

26    following designations, provided that it meets the requirements for such

27    designations as provided for herein:  "CONFIDENTIAL" or "CONFIDENTIAL -

28    ATTORNEYS' EYES ONLY."

### 7.2.   Written Discovery and Documents and Tangible Things

Written discovery, documents (which include "electronically stored information," as that phrase is used in Rule 34 of the Federal Rules of Civil Procedure), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7.1 may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

### 7.3.   Native Files

Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 12, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

### 7.4.   Depositions and Testimony

Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time

US.350894898.01

1   the testimony is given or by sending written notice of how portions of the transcript

2   of the testimony is designated within thirty (30) days of receipt of the transcript of

3   the testimony.  If no indication on the record is made, all information disclosed

4   during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES

5   ONLY" until the time within which it may be appropriately designated as provided

6   for herein has passed.  Any Party that wishes to disclose the transcript, or

7   information contained therein, may provide written notice of its intent to treat the

8   transcript as non-confidential, after which time, any Party that wants to maintain

9   any portion of the transcript as confidential must designate the confidential portions

10  within thirty (30) days, or else the transcript may be treated as non-confidential.

11  Any Protected Material that is used in the taking of a deposition shall remain

12  subject to the provisions of this Protective Order, along with the transcript pages of

13  the deposition testimony dealing with such Protected Material.  In such cases the

14  court reporter shall be informed of this Protective Order and shall be required to

15  operate in a manner consistent with this Protective Order.  In the event the

16  deposition is videotaped, the original and all copies of the videotape shall be

17  marked by the video technician to indicate that the contents of the videotape are

18  subject to this Protective Order, substantially along the lines of "This videotape

19  contains confidential testimony used in this case and is not to be viewed or the

20  contents thereof to be displayed or revealed except pursuant to the terms of the

21  operative Protective Order in this matter or pursuant to written stipulation of the

22  parties."  Counsel for any Producing Party shall have the right to exclude from oral

23  depositions, other than the deponent, deponent's counsel, the reporter and

24  videographer (if any), any person who is not authorized by this Protective Order to

25  receive or access Protected Material based on the designation of such Protected

26  Material.  Such right of exclusion shall be applicable only during periods of

27  examination or testimony regarding such Protected Material.

28  **8.      DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

8.1.    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

8.2.    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

      i.      The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

      ii.      Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A ("Agreement to Be Bound by Protective Order," attached hereto) and the Receiving Party serve the signed copy of Exhibit A to the Producing Party before disclosure;

      iii.      Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

      iv.      Court reporters, stenographers and videographers retained to record testimony taken in this action;

      v.      The Court, jury, and court personnel;

1    vi.  Graphics, translation, design, and/or trial consulting personnel,

2 having first agreed to be bound by the provisions of the Protective Order by signing

3 a copy of Exhibit A;

4    vii.  Mock jurors who have signed an undertaking or agreement

5 agreeing not to publicly disclose Protected Material and to keep any information

6 concerning Protected Material confidential;

7    viii.  Any mediator who is assigned to hear this matter, and his or her

8 staff, subject to their agreement to maintain confidentiality to the same degree as

9 required by this Protective Order; and

10    ix.  Any other person with the prior written consent of the Producing

11 Party.

12 **9.  DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –**

13 **ATTORNEYS' EYES ONLY"**

14   9.1. A Producing Party may designate Discovery Material as

15 "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects

16 information that is extremely confidential and/or sensitive in nature and the

17 Producing Party reasonably believes that the disclosure of such Discovery Material

18 is likely to cause economic harm or significant competitive disadvantage to the

19 Producing Party.  The Parties agree that the following information, if non-public,

20 shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

21 designation:  trade secrets, pricing information, financial data, sales information,

22 sales or marketing forecasts or plans, business plans, sales or marketing strategy,

23 product development information, engineering documents, testing documents,

24 employee information, and other non-public information of similar competitive and

25 business sensitivity.

26   9.2. Unless otherwise ordered by the Court, Discovery Material designated

27 as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

28    i.  The Receiving Party's Outside Counsel, and such Outside

1  Counsel's immediate paralegals and staff, and any copying or clerical litigation

2  support services working at the direction of such counsel, paralegals, and staff;

3        ii.     Any outside expert or consultant retained by the Receiving Party

4  to assist in this action, provided that disclosure is only to the extent necessary to

5  perform such work; and provided that:  (a) such expert or consultant has agreed to

6  be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

7  (b) such expert or consultant is not a current officer, director, or employee of a

8  Party or of a competitor of a Party, nor anticipated at the time of retention to

9  become an officer, director, or employee of a Party or of a competitor of a Party; (c)

10  such expert or consultant is not involved in competitive decision-making, as

11  defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on

12  behalf of a Party or a competitor of a Party; and (d) no unresolved objections to

13  such disclosure exist after proper notice has been given to all Parties as set forth in

14  Paragraph 10 below;

15        iii.    Court reporters, stenographers and videographers retained to

16  record testimony taken in this action;

17        iv.    The Court, jury, and court personnel;

18        v.     Graphics, translation, design, and/or trial consulting personnel,

19  having first agreed to be bound by the provisions of the Protective Order by signing

20  a copy of Exhibit A;

21        vi.    Any mediator who is assigned to hear this matter, and his or her

22  staff, subject to their agreement to maintain confidentiality to the same degree as

23  required by this Protective Order; and

24        vii.    Any other person with the prior written consent of the Producing

25  Party.

26      9.3.   Officers or employees of the Receiving Party, who may be, but need

27  not be, in-house counsel or general managers for the Receiving Party, as well as

28  their immediate paralegals and staff, may not receive any document designated by

the Producing Party as "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

However, one (1) officer or employee of the Receiving Party, including but not

limited to in-house counsel or general managers, may receive a verbal summary

from Outside Counsel of the following categories of information if designated

"CONFIDENTIAL – ATTORNEYS' EYES ONLY":  (1) monthly and annual sales

volume; (2) monthly and annual number of units sold; (3) sales price; and (4)

profits per sale.

**10.    NOTICE OF DISCLOSURE**

10.1.  Prior to disclosing any Protected Material to any person described in

Paragraphs 8.2(iii) or 9.2(ii) (hereinafter the "Person"), the Party seeking to

disclose such information shall provide the Producing Party with written notice that

includes: (i) the name of the Person; (ii) the present employer and title of the

Person; (iii) an identification of all of the Person's past and current employment and

consulting relationships, including direct relationships and relationships through

entities owned or controlled by the Person; (iv) an up-to-date curriculum vitae of

the Person; and (v) a list of the cases in which the Person has testified at deposition

or trial within the last five (5) years.  Said written notice shall include an

identification of any individual or entity with or for whom the person is employed

or to whom the person provides consulting services relating to the design,

development, operation, or patenting of baby cribs, or relating to the acquisition of

intellectual property assets relating to baby cribs.  The Party seeking to disclose

Protected Material shall provide such other information regarding the Person's

professional activities reasonably requested by the Producing Party for it to evaluate

whether good cause exists to object to the disclosure of Protected Material to the

outside expert or consultant.  During the pendency of and for a period of two (2)

years after the final resolution of this action, including all appeals, the Party seeking

to disclose Protected Material shall immediately provide written notice of any

change with respect to the Person's involvement in the design, development,

PROPOSED MODIFIED PROTECTIVE ORDER
Case No. 5:14-cv-01153-JWH(SPx)

US.350894898.01

1    operation or patenting of baby cribs, or the acquisition of intellectual property

2    assets relating to baby cribs.

3        10.2.  Within five (5) business days of receipt of the disclosure of the Person,

4    the Producing Party or Parties may object in writing to the Person for good cause.

5    In the absence of an objection at the end of the five (5) business-day period, the

6    Person shall be deemed approved under this Protective Order.  There shall be no

7    disclosure of Protected Material to the Person prior to expiration of this five (5)

8    business-day period.  If the Producing Party objects to disclosure to the Person

9    within such five (5) business-day period, the Parties shall meet and confer via

10   telephone or in person within five (5) business days following the objection and

11   attempt in good faith to resolve the dispute on an informal basis.  If the dispute is

12   not resolved, the Party objecting to the disclosure will have five (5) business days

13   from the date of the meet and confer to seek relief from the Court.  If relief is not

14   sought from the Court within that time, the objection shall be deemed withdrawn.

15   If relief is sought, designated materials shall not be disclosed to the Person in

16   question until the Court resolves the objection.

17       10.3.  For purposes of this section, "good cause" shall include an objectively

18   reasonable concern that the Person will, advertently or inadvertently, use or disclose

19   Discovery Materials in a way or ways that are inconsistent with the provisions

20   contained in this Order.

21       10.4.  Prior to receiving any Protected Material under this Order, the Person

22   must execute a copy of Exhibit A and serve it on all Parties.

23       10.5.  Only upon a material omission of information required by Paragraph

24   10.1 that would result in serious prejudice or business injury to a Party who did not

25   initially object to access by that Person may the non-objecting Party later object to

26   continued access by that Person.  Any such later objection must be made in writing

27   within three (3) business days of learning of the material omission of information.

28   If such an objection is made, the Parties shall meet and confer via telephone or in

1   person within three (3) business days following the objection and attempt in good

2   faith to resolve the dispute informally.  If the dispute is not resolved, the Party

3   objecting to the disclosure will have three (3) business days from the date of the

4   meet and confer to seek relief from the Court.  The designated Person may continue

5   to have access to information that was provided to such Person prior to the date of

6   the objection.  If a later objection is made, no further Protected Material shall be

7   disclosed to the Person until the Court resolves the matter or the Producing Party

8   withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails

9   to move for a protective order within three (3) business days after the meet and

10  confer, further Protected Material may thereafter be provided to the Person. If a

11  later objection is made within a month of any deadline involving the Person to

12  whom Protected Material is not able to be shown as a result of the objection, the

13  parties agree to work together in good faith to extend such deadline to permit time

14  for the Court to rule on the objection and/or the Person (e.g., expert) to be replaced.

15  **11.    CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

16  11.1.  A Party shall not be obligated to challenge the propriety of any

17  designation of Discovery Material under this Order at the time the designation is

18  made, and a failure to do so shall not preclude a subsequent challenge thereto.

19  11.2.  Any challenge to a designation of Discovery Material under this Order

20  shall be written, shall be served on outside counsel for the Producing Party, shall

21  particularly identify the documents or information that the Receiving Party

22  contends should be differently designated, and shall state the grounds for the

23  objection.  Thereafter, further protection of such material shall be resolved in

24  accordance with the following procedures:

25  11.2.1.    The objecting Party shall have the burden of conferring

26  either in person, in writing, or by telephone with the Producing Party claiming

27  protection (as well as any other interested party) in a good faith effort to resolve the

28  dispute.  The Producing Party shall have the burden of justifying the disputed

1    designation;

2            11.2.2.         Failing agreement, the objecting Party may bring a

3    motion to the Court for a ruling that the Discovery Material in question is not

4    entitled to the status and protection of the Producing Party's designation.  The

5    Parties' entry into this Order shall not preclude or prejudice either Party from

6    arguing for or against any designation, establish any presumption that a particular

7    designation is valid, or alter the burden of proof that would otherwise apply in a

8    dispute over discovery or disclosure of information;

9            11.2.3.         Notwithstanding any challenge to a designation, the

10   Discovery Material in question shall continue to be treated as designated under this

11   Order until one of the following occurs:  (a) the Party who designated the

12   Discovery Material in question withdraws such designation in writing; or (b) the

13   Court rules that the Discovery Material in question is not entitled to the designation.

14   **12.    SUBPOENAS OR COURT ORDERS**

15       If at any time Protected Material is subpoenaed by any court, arbitral,

16   administrative, or legislative body, the Party to whom the subpoena or other request

17   is directed shall immediately give prompt written notice thereof to every Party who

18   has produced such Discovery Material and to its counsel and shall provide each

19   such Party with an opportunity to move for a protective order regarding the

20   production of Protected Materials implicated by the subpoena.

21   **13.    FILING PROTECTED MATERIAL**

22       13.1.  Absent written permission from the Producing Party or a court Order

23   secured after appropriate notice to all interested persons, a Receiving Party may not

24   file or disclose in the public record any Protected Material.

25       13.2.  No provision in this Order is intended to provide for the prospective

26   filing of Protected Material under seal with the Court.  Any Party intending to file

27   under seal with the Court any Protected Material designated as "CONFIDENTIAL"

28   or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall comply with the

1    requirements of Local Civil Rule 79-5.

2    **14.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

3        14.1.  The inadvertent production by a Party of Discovery Material subject to

4    the attorney-client privilege, work-product protection, or any other applicable

5    privilege or protection, despite the Producing Party's reasonable efforts to prescreen

6    such Discovery Material prior to production, will not waive the applicable privilege

7    and/or protection if a request for return of such inadvertently produced Discovery

8    Material is made promptly after the Producing Party learns of its inadvertent

9    production.

10       14.2.  Upon a request from any Producing Party who has inadvertently

11   produced Discovery Material that it believes is privileged and/or protected, each

12   Receiving Party shall immediately return such Protected Material or Discovery

13   Material and all copies to the Producing Party, except for any pages containing

14   privileged markings by the Receiving Party which shall instead be destroyed and

15   certified as such by the Receiving Party to the Producing Party.

16       14.3.  Nothing herein shall prevent the Receiving Party from preparing a

17   record for its own use containing the date, author, addresses, and topic of the

18   inadvertently produced Discovery Material and such other information as is

19   reasonably necessary to identify the Discovery Material and describe its nature to

20   the Court in any motion to compel production of the Discovery Material.

21   **15.    INADVERTENT FAILURE TO DESIGNATE PROPERLY**

22       15.1.  The inadvertent failure by a Producing Party to designate Discovery

23   Material as Protected Material with one of the designations provided for under this

24   Order shall not waive any such designation provided that the Producing Party

25   notifies all Receiving Parties that such Discovery Material is protected under one of

26   the categories of this Order within five (5) business days of the Producing Party

27   learning of the inadvertent failure to designate.  The Producing Party shall

28   reproduce the Protected Material with the correct confidentiality designation within

five (5) business days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

15.2.  A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order.  Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 15.3 below) at the appropriately designated level pursuant to the terms of this Order.

15.3.  Notwithstanding the above, a subsequent designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall apply on a going-forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials while the materials were not marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" from engaging in the activities set forth in Paragraph 6.2.

## 16.    INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

16.1.  In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the

disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

16.2.  Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

**17.    FINAL DISPOSITION**

17.1.  Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

17.2.  All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes.

**18.    MISCELLANEOUS**

**18.1.  Right to Further Relief**

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

**18.2.  Termination of Matter and Retention of Jurisdiction**

The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The

1   Court shall retain jurisdiction after Final Determination of this matter to hear and

2   resolve any disputes arising out of this Protective Order.

3       **18.3.  Successors**

4       This Order shall be binding upon the Parties hereto, their attorneys, and their

5   successors, executors, personal representatives, administrators, heirs, legal

6   representatives, assigns, subsidiaries, divisions, employees, agents, retained

7   consultants and experts, and any persons or organizations over which they have

8   direct control.

9       **18.4.  Right to Assert Other Objections**

10      By stipulating to the entry of this Protective Order, no Party waives any right

11  it otherwise would have to object to disclosing or producing any information or

12  item.  Similarly, no Party waives any right to object on any ground to use in

13  evidence of any of the material covered by this Protective Order.  This Order shall

14  not constitute a waiver of the right of any Party to claim in this action or otherwise

15  that any Discovery Material, or any portion thereof, is privileged or otherwise non

16  discoverable, or is not admissible in evidence in this action or any other proceeding.

17      **18.5.  Burdens of Proof**

18      Notwithstanding anything to the contrary above, nothing in this Protective

19  Order shall be construed to change the burdens of proof or legal standards

20  applicable in disputes regarding whether particular Discovery Material is

21  confidential, which level of confidentiality is appropriate, whether disclosure

22  should be restricted, and if so, what restrictions should apply.

23      **18.6.  Modification by Court**

24      This Order is subject to further court order based upon public policy or other

25  considerations, and the Court may modify this Order *sua sponte* in the interests of

26  justice.  The United States District Court for the Central District of California is

27  responsible for the interpretation and enforcement of this Order.  All disputes

28  concerning Protected Material, however designated, produced under the protection

of this Order shall be resolved by the United States District Court for the Central District of California.

### 18.7.  Discovery Rules Remain Unchanged

Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, or the Court's own orders.

### 18.8. Cross Reference and Use of Discovery Materials.

Documents and deposition transcripts (including exhibits thereto) that have been or are produced (with appropriate Bates numbers) in this action or otherwise used in any deposition in this action shall be deemed to have been also produced in the currently co-pending matter *In the Matter of Certain Playards and Strollers*, Inv. No. 337-TA-1288 ("the 1288 Investigation"), and neither party shall be deemed to have violated this Protective Order by using such documents in the 1288 Investigation. Any such document or deposition transcript designated by a Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in this action shall be treated as "Confidential Business Information" in the 1288 Investigation. This cross-use provision does not apply to other forms of discovery, including, without limitation, expert reports and responses to interrogatories or requests for admission. Nothing in this paragraph, however, prohibits a party from seeking such other forms of discovery through service of formal discovery requests. Any costs incurred in the above-referenced 1288 Investigation shall be excluded from a computation of taxable costs under Fed. R. Civ. P. 54 and N.D. Cal. Civ. L.R. 54.

1    IT IS SO ORDERED.

2

3    Dated: July 1, 2022

4
                                          _____
5                                         Hon. Sheri Pym
                                          United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

US.350894898.01

1

## **EXHIBIT A**

2

3        I, _____, acknowledge and declare that I have

4   received a copy of the Protective Order ("Order") in WONDERLAND

5   NURSERYGOODS CO., LTD. v. BABY TREND, INC., DENNY TSAI, and

6   BETTY TSAI, United States District Court for the Central District of California,

7   Case No. 5:14-cv-01153-JWH(SPx).  Having read and understood the terms of the

8   Order, I agree to be bound by the terms of the Order and consent to the jurisdiction

9   of said Court for the purpose of any proceeding to enforce the terms of the Order.

10

11        Name of individual: _____

12        Present occupation/job description: _____

13        _____

14        _____

15        Name of Company or Firm: _____

16        Address: _____

17

18        Dated: _____

19

20

21

22

23

24

25

26

27

28

PROPOSED MODIFIED PROTECTIVE ORDER
Case No. 5:14-cv-01153-JWH(SPx)