UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONDERLAND NURSERYGOODS CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> BABY TREND, INC., DENNY TSAI, and BETTY TSAI, <br><br> Defendants. | Case No. 5:14-cv-01153-JWH-SP <br><br> **JUDGMENT** |

In accordance with the "Memorandum Opinion and Order on Plaintiff's Motion for Partial Summary Judgment [ECF No. 310], Defendant's Motion for Summary Judgment [ECF Nos. 307 & 326], and Defendant's *Daubert* Motion [ECF No. 367]" and pursuant to Rules 56 and 58 of the Federal Rules of Civil Procedure,

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. This Court has jurisdiction over the above-captioned action pursuant to 28 U.S.C. §§ 1331 and 1338.

2. Based upon the stipulation of the parties, judgment in the above-captioned case is entered in **FAVOR** of Defendants Denny Tsai and Betty Tsai and **AGAINST** Plaintiff Wonderland Nurserygoods Co., Ltd.

3. Defendant Baby Trend, Inc. ("Baby Trend") infringes Claim 1 of U.S. Reissue Patent No. 43,919 (the "'919 Patent") with respect to the Category 1 Products (represented by Wisteria Lane PY87991); however, Baby Trend is exempt from liability with respect to the Category 1 Products because they are subject to absolute intervening rights under 35 U.S.C. § 252.

4. Baby Trend does not infringe Claims 8-11, 14-16, 19, or 29 of the '919 Patent with respect to the Category 2 Products (represented by Royal Jungle PY87119D), based upon the absence of the claim element "positioning posts."

5. Baby Trend does not infringe Claims 20 or 27 of the '919 Patent with respect to the Category 3 Products (represented by Kid Cube PY21B87A), based upon the use of rivets.

6. Baby Trend does not infringe Claims 20, 27, or 28 of the '919 Patent with respect to the Category 4 Products (represented by Go-Lite PY47054H), based upon the use of rivets.

/ / /

/ / /

7. Baby Trend does not infringe claims 20, 27, or 28 of the '919 Patent with respect to the Category 5 Products (represented by Resort PY72B15B), based upon the use of rivets.

8. Baby Trend does not infringe claims 20 or 27 of the '919 Patent with respect to the Category 6 Products (represented by MUV PY74C05A), based upon the use of rivets.

9. Claims 1–29 of the '919 Patent are invalid for failing to comply with the original patent requirement of 35 U.S.C. § 251.

10. Therefore, judgment in the above-captioned case is entered in **FAVOR** of Defendant Baby Trend, Inc. and **AGAINST** Plaintiff Wonderland Nurserygoods Co., Ltd.

11. Other than potential post-judgment remedies (including those provided in Rule 54(d) of the Federal Rules of Civil Procedure), to the extent that any party requests any other form of relief, such request is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 2, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE